Grafton,
June 2, 1936.

JUDGE OF PROBATE *v.* JAMES CAMPION.

*Henry N. Hurd*, for the plaintiffs in interest.

*John F. Cronin* and *Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the defendant.

PAGE, J. . The defendant's contention is that the acceptance of the notes amounting to $21,971.31 and the other transactions operated as a release of the defendant. The plaintiffs in interest claim that the notes were not *pro tanto* payment of the obligation of the trustee, but were mere evidences of his indebtedness as such, a continuing indebtedness from the time the amount of the obligation was ascertained, as well after as before the notes were given and the receipt was passed.

It is significant that the plaintiffs obtained their judgment against Dwyer upon the notes (to which the defendant was not a party) instead of upon the bond (to which he was a party). Their counsel, moreover, frankly admits that they wished to terminate the trust and to get title to the real estate from the trustee. To obtain those ends, it is also admitted, the settlement of a final account in the probate court was a pre-requisite. The decree upon the account established the amount of Dwyer's liability, and the plaintiffs in interest acknowledged payment of that amount in full with the apparent intention that the receipt should be filed in the probate court. Under the circumstances the intention seems to have been clear to discharge the trustee as such and to satisfy the obligation of his bond by the payment of certain sums in cash and Dwyer's promissory notes.

A release of the principal from his obligation without the surety's assent usually operates as a discharge of the surety. It is possible

to reserve rights as against the surety, but the facts found do not show any such reservation as would avoid the inference that the surety was discharged. Brandt, Suretyship and Guaranty (3d. *ed.*), s. 164. The release, though not under seal, was given upon good consideration—Dwyer's furnishing the beneficiaries with evidences of title to his business, and his conveyance to them of the real estate of the trust. The fact that the creditors gave the co-surety a covenant not to sue, while giving the defendant nothing, is not significant. Except for the doubtful evidence of a reservation as against Musgrove furnished by his participation in the principal's transactions with the plaintiffs in interest, Musgrove would have needed a formal individual release as little as Campion did.

The obligation of the bond was that the principal should "adjust and settle his account with the judge, and pay and deliver over all balances, money and property with which he has been intrusted." P. L., c. 309, s. 1 (iii). Compliance with the conditions would result in the discharge of all parties liable on the bond. The first condition (the settlement of the account) was strictly complied with.

But the plaintiffs in interest now say that to the extent that notes were taken in lieu of cash the condition was not complied with. If they in fact received the notes as payment, the defendant, as well as the trustee, was discharged. *Burque* v. *Brodeur*, 85 N. H. 310, 315. Whether or not payment was intended is a question of fact. *Foster* v. *Hill*, 36 N. H. 526, 528. There is no specific finding of fact, but the evidentiary facts agreed to permit no conclusion other than that such was the intention. In effect the creditors had to express such an intention when they asked the probate court to approve the trustee's final account, accept their receipt for the balance found due to them and terminate the trust. They could have declined to take the notes and deliver the receipt; they could have proceeded against the defendant. Instead, actuated by motives admitted by themselves, they had no commerce with the defendant, took the notes and gave the receipt.

As far as appears, none of the notes was void so as to negative satisfaction of the original obligation (*M'Crillis* v. *How*, 3 N. H. 348; *Wentworth* v. *Wentworth*, 5 N. H. 410; *Burnham* v. *Spooner*, 10 N. H. 165, s. c. 10 N. H. 532; *Pecker* v. *Kennison*, 46 N. H. 488; *Hartshorn* v. *Hartshorn*, 67 N. H. 163), and thus leave the surety liable upon the bond (*Williams* v. *Gilchrist*, 11 N. H. 535; *Goodall* v. *Richardson*, 14 N. H. 567). The notes, being valid and having been given in payment without reservation of rights against the defendant, dis-

charged him. *Jones* v. *Pierce*, 35 N. H. 295, 301; Stearns, Suretyship, *s.* 102. If the transactions constituted no more than a compromise payment or a conditional payment, the fact that the defendant did not assent to them discharged him from liability to the creditors (*Exeter Bank* v. *Gordon*, 8 N. H. 66, 80, 81; *Woodman* v. *Eastman*, 10 N. H. 359), in spite of the fact that a compromise payment made by the co-surety might not have discharged him from contribution (*Currier* v. *Baker*, 51 N. H. 613).

Even if Dwyer had not been discharged as trustee, it would seem that there must be found such an alteration of the contract without the defendant's consent as would discharge him as surety. *Watriss* v. *Pierce*, 32 N. H. 560; *Weare* v. *Sawyer*, 44 N. H. 198; *Cross* v. *Rowe*, 22 N. H. 77, 82; *Wheat* v. *Kendall*, 6 N. H. 504; *McCann* v. *Dennett*, 13 N. H. 528; *New Hampshire &c. Bank* v. *Colcord*, 15 N. H. 119. Upon the record as it stands, there must be

<em>Judgment for the defendant.</em>

All concurred.