The opinion of the Court was afterwards delivered by
Parsons, C. J.
Twc objections are made to the verdict — that no demand had been made on the maker after the note became due; — and that the defendant had not seasonable notice that the note was unpaid.
The facts agreed are, that, on the day the note was payable, a demand in writing was left with a lad at a store formerly occupied by the maker, but that, at that time, neither the store was in his occupation, nor the lad in his service; that the maker before that time had stopped payment, was insolvent, and continues so to be, but that he had not absconded; that, three days afterwards, notice of the non-payment was given to the defendant. Had the case stopped here, the defendant might have had some reason to complain; for, although a man has stopped payment and is insolvent, 'yet he may have in his possession effects sufficient to pay part of his debts, which a fortunate endorser on receiving seasonable no- [ * 173 ] tice may secure. The case, however, states no * damage, as having been incurred by the defendant from any neglect of demand or of notice. But it states that before this note was payable, the maker had assigned all his property to the defendant, for his security against his endorsements; and that the property was not, in fact, sufficient to meet his other endorsements, ex-. elusive of this note.
Upon these facts we are satisfied that the verdict is right, because, under the circumstances of this case, the defendant had no right to insist on a demand upon the maker. It appears that he knew such a demand must be fruitless, as he had secured all the property the maker had. And as he secured it for the express purpose of meeting this and his other endorsements, he must be considered as hav *131 ing waived the condition of his liability, and as having engaged with the maker, on receiving all his property, to take up his notes. And the nature or terms of the engagement cannot be varied by an eventual deficiency in the property; because he received all that there was. This intent of the parties is further supported by the offer of the defendant to the plaintiffs to take up this note, if they would re ceive foreign bank notes in payment.
We do not mean to be understood that when an endorser receives security to meet particular endorsements, it is to be concluded that he waives a demand or notice as to any other endorsements. That, however, is not this case. But we are of opinion, that if he will apply to the maker, and, representing himself liable for the payment of any particular endorsements, receives a security to meet them, he shall not afterwards insist on a fruitless demand upon the maker, or on a useless notice to himself, to avoid payment of demands, which, on receiving security, he has undertaken to pay.
As to the delay of notice to the defendant, it appears from the original of the case reserved, that this note had been left with the Union Bank for collection, and * that notice had [ * 174 ] been given according to the usage. This part of the case has not been copied for the Court.
As to the variance between the declaration averring a demand on the maker, and the evidence on that point, it might deserve some consideration, if injustice had been done, or if the judgment in this action would not be a bar to any other action on the same endorsement. But in this case it is no objection to the verdict, the allegation being mere surplusage, as we are of opinion that the defendant had waived a demand on the maker.
The case most analogous to this is, where a drawer of a bill had no effects in the drawee’s hands. He cannot insist on a demand upon the drawee, for he could not expect an acceptance, and he suffers no injury by the want of it. The endorser of a note resembles the drawer of a bill. Although once having effects,'as he had a demand on the maker, yet he has afterwards withdrawn from the maker all his property, to enable himself to meet his own endorsements, and had not, when the bill was payable, any remedy, unless, perhaps, the miserable one of seizing the body of a man worth nothing; and that remedy he has never lost (a).

Let judgment be entered on the verdict.

 Quaere as to the correctness of this decision, and see Sanford vs. Dillaway, 10 Mass. 52, and note to 3d ed. — Farnham vs. Fowle, 12 Mass. 89, and notes to 3d ed.— Note to Crossen vs. Hutchinson, 9 Mass. 208, 3d ed. and cases there cited. Ex parte Heath, 2 Ves. Beames, 240. 2 Rose, 141. — Corey vs. Scott, 3 B. A. 619.— Norton vs. Pickering, 8 Barnw. Cresw. 610. — Claridge vs. Dalton, 4 M. & S 226. — Shackray vs. Blackett, 3 Camp. 164. — Brown vs. Maffey, 15 East, 216. — Nichol *132 son ms. Gouthit, 2 H. Bl. 609. — Smith & al. vs. Buckett, 13 East, 187. — Leach vs. Hewitt, 4 Taunt. 731. — Where the endorser is a mere surety, and can, upon payment, maintain an action against any party upon the bill or note, he is entitled to notice. And if he should pay without notice, he could enforce no claim, which he might make in consequence thereof. Roscoe vs. Hardy, 12 East, 434. — Bacheller vs. Priest & al Sup. Jud. Court, Suff. March, A. D. 1832.