Colcock, J.
delivered the opinion of the Court.
The first of the grounds was not taken below; but I should be disposed to allow the defendant the benefit of it here, if it could avail him, since the point is very distinctly raised by the facts. It is one, howeyer, which can afford him no relief. The introduction of the evidence to shew for what purpose, or on what consideration, the judgment to Myers was confessed by Cohen, is no violation of the rule, on which the defendant’s counsel relies. It did not alter, or in any manner vary, the written record. It still remains a judgment. Neither did it, in any sense, alter or vary the original contract between the parties.
The other grounds present two very important questions. The first of which may be considered, in some measure, a new question; and we have, therefore, given to it the most deliberate consideration. I am fully aware of the great importance of adhering to rules, which have been long and well established ; and I am sensible that there is no one, which is of more importance to the mercantile world, or which is more firmly established by law, than that the indorser is in-titled, in all cases, to notice of the failure of the maker to pay, on the day the note falls due. But there can be no rule without .its exceptions; nor does the exception at all impugn the rule, or render it less valuable. It is true, that in the investigation- *415 of a- case, its application may create some trouble, and on some occasions be attended with great'difficulty. But the same may be said of the rule itself. Now, whether this notice may be dispensed with in a case, where the indorser takes a collateral security, which covers the whole of the maker’s estate,'whereby he not only enables himself to pay the debt, but interposes an insurmountable obstacle to the recovery of the holder, must be determined by referring to the reason of the rule, and its application to such a case.
The reason of the rule is stated, by all writers on the subject to be, that the parties to the bill or note “ may, respectively, take the necessary measures to obtain payment from the parties respectively liable to them; and if notice be not given, it is a presumption of law, that the drawer and indors-ers are prejudiced by the omission; and it is on this principle that notice of non-acceptance and non-payment are required.” Chitty on Bills, 197. Bayley on Bills, 77. On the case made, it is at once obvious, that if notice is given to the indorser, he is not benefited by it. He has already secured himself, as far as it is practicable' for him to do so. He has obtained an operative lieu on all the maker’s estate, as well as the means of taking his body, if he should think that proper, or necessary. If an individual, who is not content to rely on the security, which the rules of law afford him, thinks proper to protect himself; surely there can be no reasonable objection interposed to his doing so, provided he does not thereby interfere with the rights of others : but if in his arrangements he destroys the operation of a rule of law, which may be beneficial to another, whom he has induced to enter into the contract, it can not be doubted, that he should respond in damages to such person.
Now, this previous judgment, covering the whole of the maker’s property, most manifestly prevents the Bank, in this case, from proceeding; for the decisions of our Courts always, have been, that the sheriff must pay over money to the oldest judgment and executioh creditors. It would, therefore, have been a nugatory act, in such a ease, to have forced a sale of the maker’s property. This interposition of the indorser, may, I think, be considered in the. light of a legal fraud; for it might in fact, be made use of to effect a moral fraud. I moan not ft» *416 intimate that such has beetí the case here. But suppose, in guc[} a eas6j that t].ie holder should not discover the purpose for which judgment had been given, would he not be defeated, in his proceedings, to recover his debt 1 There, certainly, is nothing to prevent the indorser from selling all the property, under his judgment, and disposing of it as he pleases. And take the case, where all the parties are apprized of the object and intention of the maker, in confessing a judgment to secure the indorser, if it affords an additional security to the holder? it is by diminishing the old security; and it is like an undertaking on the part of the indorser, in addition to his own responsibility, to pay the debt out of the maker’s funds, which arc thus placed at his disposal, or at least subject to his control.
But we are not without authority on this subject. Mr. Chitty, in page 203 of his treatise on bills, where he is commenting upon the attempts which have been made to dispense with notice in the cases of accommodation notes, and some other cases of private arrangement between the drawer and indorser, seems to recognize the doctrine now under consideration. So also does Chancellor Kent in his late work. 3 Kent. Com. 79. And they refer respectively to the cases which have been relied on iu the argument of this case. The first of these is the case of Corney v. Da Costa, 1 Esp. Rep. 302, in which Buller, J. puts it on the footing of an original undertaking by the in-dorser to pay; as he had received effects of the maker’s, to the full amount of' the note in suit, and others, which the maker had given when a composition was made with .his creditors. It is true, as has been objected, that he begins by laying down a doctrine which has been since overruled; but the case was, and remains to be, an authority as to the point now in question, and is supported on that point by subsequent decisions.
The next ease is that of Bond v. Farnham. 5 Mass. 170. In this case the maker had assigned all his property to the in-dorser, but the whole was insufficient to discharge other liabilities which the indorser had undertaken for him: and the case turned altogether on the question, whether the assignment dispensed with the necessity of notice. It was held that it did. Parsons, C. J. said, “ We are satisfied, that the verdict is right, because under the circumstances of this case, the defendants had no right to insist on a demand on the maker. It appears, *417 that' lie knew such a demand must be fruitless, as he had secured all the property the maker had. And as he secured it for the express purpose of meeting this, and his other indorse-ments, he must be considered as having waived the condition of his liability, and as having engaged with the maker, on receiving all his property, to take up his notes.” 5 Mass. 171. In concluding his opinion he adds, that the case is analogous to that of the drawer of a bill, who has no effects in the hands of the drawee. “ The indorser of a note,” he observes, “ resembles the drawer of a bill. Although once having effects, as he had a demand on the maker, yet he has afterwards withdrawn from the maker all his property, to enable himself to meet his own indorsements, and had not, when the bill was payable, any remedy, unless perhaps the miserable ope of seizing the body of a man worth nothing.” Ib. 174.
This case was decided in 1809. The next is that of Barton v. Baker, L Sergeant & Rawle, 334. There the note was made by a firm, which was insolvent at the time; and when it became due, one of the members was beyond sea, and the oth.er had executed an assignment of his whole estate to the indorser, to indemnify him, amongst other things, against the indorsement. It was contended by the plaintiff, that the insolvency of the makers, which was known to the indorsers, dispensed with the necessity of notice ; and the assigment was relied on fothe same purpose'. On the first ground, Tilghman, C. J. was with the defendant. Insolvency, he observes, could not, on principle, dispense with notice; and the authorities in favour of that doctrine had been overruled. On the second ground, however, he was clearly with the plaintiff. “ By taking this assignment,” he remarks, “itis not unreasonable to presume, that the defendant took upon himself the payment of the indorsed notes.” “ I agree, therefore,” he adds, “ with Bond v. Farnham, (supra) where it was held, that in such a case the indorser dispenses with notice.” 1 Serg. & Rawl. 336. Mr. Justice Yeates, who decided the case below, after excusing himself for maintaining the plaintiff’s attorney on the first ground, states his concurrence with the C. J. on the second ; and says, he cannot see how the defendant can get over the case of Bond Farnham; and repeats the language of the Chief Justice, *418 that any demand ou the indorser would have been fruitless'when the property bad been secured to indemnify himself. We are, ourselves, unanimously of opinion, that these cases, so far aS autk°l'ity *s important, are sufficient, and that the reason of the rule ceasing, the rule itself is rendered inapplicable.
On the last ground, it is only necessary to say, that there was-, no such indulgence as would discharge an indorser; even in an ordinary case. The holder of a note must not vary the contract, or extend the time of payment, if he does not intend to discharge the indorser. ' But here, again, it is only necessary to look to the reason of the rule, to see that it has no application to the case before us. The reason why time shall not be given to the maker is, that the indorser may be prejudiced by it; but where there is a mere delay to proceed after the indorser is fixed, what injury can result to him 1 Here the operation of the execution was suspended for a time; but there was no agreement, in the technical sense of the word, for there was no consideration. The indorsement on the execution could have been stricken out the next day, and a different order given to the sheriff. Besides which, if the plaintiffs had gone on with their action in the ordinary way, they could not have obtained an execution at an earlier period, than that for which they agreed to postpone enforcing the one, which they had obtained by taking the confession. But if the postponement had occasioned any actual delay, what injury could it work to the indorser ‘l He already had his judgment and execution, which he could enforce at any moment, independently of the plaintiffs.
This doctrine is very elaborately considered in the case of McLemore v. Powell, 12 Wheat. 554, and applies with peculiar - force, from the analogy which runs through the whole case. Mr. Justice Story delivered the opinion of the Court, in which, and after some previous observations on the right of the indorser, to require the holder to commence an action, he says, “the case, then, resolves itself into this question, whether a mere agreement with the drawer for delay, without any consideration for it, or without any communication with, or assent of the indorser, is a discharge of the latter, after he has been fixed .in his responsibility by the refusal of the drawer, and due-notice to himself. And we are all of opinion that it does not.” 12 Wheat. 550. In English v. Barley, 2 Bos. & Pul. 62, *419 Lord Eldon says, “ as long as the holder is passive, all his remedies remain.” And we add, says Judge Story, that he is not bound to active diligence, (supra.)
The same doctrine applies, in those cases, where there is an equivalent for notice, as in the case of Walwyn v. St. Quintín, 1 Bos. & Pul. 652, which was an action against the drawer of a bill, who had no effects in the hands of the drawer, and, consequently, was not intitled to notice. The plaintiffs received a partial payment from the indorser, and on an application for time, answered that they would not press him. The Court held it to be no discharge. Chief Justice Eyre, in delivering the opinion of the Court, said : “ Had forbearance taken place before noting and protesting for non-payment, so that the bill had not been demanded when due, it is clear the drawer would have been discharged; for it would have been giving a new credit to the acceptor.” “ But after protest for non-payment, and notice to the drawer, or an equivalent’to notice, a right to sue the drawer has attached, and the holder is not bound to sue the acceptor.” 1 Bos. & Pul. 655.
Upon the whole, we are of opinion that the motion must be dismissed.
Johnson, J. and Richardson, J. concurred.
Motion refused.