May, 1831.<br>Mechanics'<br>Bank of N. Y.<br>v.<br>Griswold.

Judgment for plaintiffs.

---

## MECHANICS' BANK OF N. Y. *vs.* GRISWOLD.

An *endorser* of a promissory note, who, before the note falls due, takes an *as-
signment* of *all the estate* of the maker to meet his responsibility, is liable,
although no *demand* of payment is made, and notice of non-payment is not
given.

DEMURRER to declaration. This is an action against the
defendant as the *endorser* of a promissory note. The declara-
tion contains three counts. In the *first*, after stating the mak-
ing, endorsement and delivery of the note, the plaintiffs *aver*
that after the making of the note, and before it fell due, to wit,
on &c. the *makers* of the note being merchants, transferred
certain goods, chattels and effects, and assigned certain notes,
accounts, debts and demands, the property of them the mak-
ers, to the defendant and one W. Ford upon trust, to dispose of
the property and to collect the debts, and out of the proceeds
thereof, after deducting the charges of the trust, to pay the
debts of the makers in a certain order, and first to pay and sat-
isfy all notes and debts for which the defendant and D. Ford
& Co., or either of them, were bound as sureties or *endorsers*,
excepting a certain note to W. Cook & Co.; that the value of
the property and debts transferred *far exceeded* the charges of
the trust and the amount of all notes and debts for which the

defendant and D. Ford & Co. were bound as endorsers or sure-
ties, except the note to Cook & Co.; and that the proceeds of
the property if sold, and of the debts if collected, would be *more
than sufficient* to pay the charges of the trust, and to satisfy all
the notes and debts for which the defendant and D. Ford & Co.
were bound as endorsers or sureties, except the note to Cook
& Co.; and after averring that the defendant had not sustain-
ed any damage, by reason of the note not having been present-
ed and demand made and his not receiving notice of non-pay-
ment, the plaintiffs state a promise to pay. In the *second count,*
after stating the making, endorsement and delivery of the note,
and the *assignment* of the property as in the first count, the
plaintiffs *averred* that the property and debts assigned constitu-
ted *all the property and estate* of the maker of the note; and
then, after averring that the defendant had not sustained any
damages by reason, &c. as in the first count, stated a promise
to pay. The *third count* is in the usual form against an endor-
ser. The defendant demurred to the first and second counts,
and the plaintiffs joined in demurrer.

     *G. H. Chapin,* for defendant. It being admitted that no de-
mand of payment was made of the makers, and no notice of
non-payment given to the endorser, the two first counts in the
declaration are defective. The endorser of a promissory note
contracts to be answerable only in default of payment by the
maker after demand and due notice of such default. The
*assignment* of property by the makers does not excuse the want
of notice. Admitting the property assigned to have been suffi-
cient to indemnify the defendant, he was entitled to notice that
he was held responsible; for his undertaking was *conditional;*
and not having received such notice, he might consider him-
self discharged, and exhaust the funds in the payment of oth-
er debts. A party who endorses a note to give it currency,
knowing at the time that the maker is *insolvent,* may claim all
the privilege of his character as endorser, and is entitled to
notice. 2 Caines, 343. In *Nicholson v. Gouthit,* 2 H. Black.
609, the defendant had endorsed several notes for one Green,
and before they became due, on learning that no effects had
been deposited for their payment, desired the notes to be sent

to him and he would pay them. Many were presented and paid, but one note not being presented till three days *after it was due*, the defendant refused to pay it; he had been supplied with money to take up all the notes, but as this note was not presented when due, he had returned the money destined to pay it. On the suit being brought against him it was held, that though his endorsement was by way of guarantee, it was liable to all the legal consequences of an endorsement. If the defendant in that case was correctly discharged from liability, the defendant here should also be exonerated.

*W. E. Sill & C. Butler,* for plaintiffs. In *Massachusetts* and *Pennsylvania* it has been expressly decided, that an *assignment of all his property* by the *maker* of a note to an *endorser* before the note's falling due, precludes the endorser from insisting upon a demand upon the maker and notice of non-payment to himself, 5 Mass. R. 170; 1 Serg. & Rawle, 334; and these decisions are in strict accordance with the principles upon which a demand and notice are required. The object of notice is to enable the drawer of a bill of exchange to withdraw his funds, or to stop them from passing into the hands of the drawee, and the [endorser of a promissory note to obtain payment or security from the parties to the note liable to him. Chitty on Bill, 196, 197, 248, 329. 1 Caines, 157. 2 Johns. C. 1. The defendant here, previous to the falling due of the note, took all the measures necessary to secure himself, to enable him to do which is the only use of a notice: a demand and notice therefore were unnecessary. In *Leffingwell & Pierpoint* v. *White,* 1 Johns. C. 99, a formal demand and notice was considered as waived, the endorser there, before the note fell due, having been secured against his responsibility. See also 1 Esp. N. P. C. 303, and 15 East, 222. So, where notice would be of *no service,* it is not required, as in an action against an endorser of a note, discounted for his own accommodation. 11 Johns. R. 180. 4 Cranch, 141.

*By the Court,* NELSON, J. The question presented upon the pleadings in this case is, whether an endorser of a promissory note, who, before the note falls due, takes an assignment

*In the right margin:*

NEW-YORK,
May, 1831.

Mechanics'
Bank of N. Y.
v.
Griswold.

of all the property and estate of the makers for the express purpose meeting of his responsibilities, is entitled to the usual notice of non-payment.

The undertaking of an endorser is to pay the note upon default of the maker, on the condition that it is demanded of the latter at maturity, and reasonable notice of refusal is given to him. The law presumes the maker the debtor, and the object of notice is to advise the endorser of his situation, that he is to be held responsible, so that he may take such steps as he thinks proper to indemnify himself against his liability; it is then his business to take up the note and obtain security from the maker. Upon the maxim, that when the reason for the rule of law does not exist, it ought not to be applied, it has frequently been decided, that in the cases where the non-payment by the maker and failure of notice to the endorser cannot possibly operate to the injury of the endorser, the omission will not discharge him. Thus, where the endorser is himself the debtor, as where the note is discounted for his accommodation, and the money raised upon it is received by him, and therefore he ultimately holden to pay it, it is obvious that the reason of the rule cannot apply. *Agan* v. *McManus*, 11 Johns. R. 180. *French* v. *Bank of Columbia*, 2 Peter's Condensed R. 64. So, in the case of *Leffingwell & Pierpoint* v. *White*, 1 Johns. Cas. 99, where the endorser of a note before it came due, informed the holder that the maker had absconded, and that being secured for his responsiblity he would give a new note, and requested time to pay, and before the negotiation closed the note fell due, it was held that the omission of demand and notice did not discharge the endorser, as they could have been of no valuable purpose to him.

In *Corney* v. *Dacosta*, 1 Esp. R. 302, the endorser at the time of the endorsement, took effects of the maker into his hands equal to the amount of his liabilities, and Buller, J. held that he was not entitled to require demand and notice. He said "it was undoubtedly necessary that an endorser of a note should have notice of the default of the maker in payment, but that it was only the case where there were effects of the endorser in the maker's hands, and where he might suffer from went of such notice; but where there were no effects, no no-

tice was necessary." He considered the endorser in that case the debtor. This was a nisi prius decision, but it was cited and approved of in *Brown* v. *Maffey*, 15 East 222, by Mr. Justice Bailey, who said it would have been a fraud in the endorser to call upon the maker of the note, because, before it became due, the maker had deposited effects in his hands to answer the amount of the endorsement, and therefore he had no right to complain of the want of notice. *Bond* v. *Farnham*, 5 Mass. R. 170, is a still stronger case, but strictly within the reason and principle of the above cases. In that case, before the note became due, the maker became insolvent, and the defendant having endorsed for him several notes besides the one in suit, he assigned to him for his security all his property, but which was not sufficient to secure him against all the notes he had endorsed exclusive to the plaintiff's. No demand and notice was given, and Chief Justice *Parsons* decided the defendant had no right to insist upon either, under the circumstances of the case ; that the demand would be fruitless, as he had secured all the property the maker had. He says : " Although once having effects, as he had a demand upon the maker, yet he has afterwards withdrawn from the maker all his property to enable himself to meet his own endorsements, and had not, when the note was payable, any remedy, (as against him,) unless, perhaps, the miserable one of seizing the body of a man worth nothing ; and that remedy he has never lost." *Barton* v. *Baker* 1 Serg. & Rawle, 334, is a similer authority, in which the facts correspond substantially with the present case. See also 3 Kent's Comm. 79.

It is conceded that the mere insolvency of the maker, even at the time of endorsement, and that known to the endorser, *Jackson* v. *Richards*, 2 Caines, 343, *Nicholson* v. *Gouthit*, 2 H. Black. 609, would not be sufficient excuse for want of demand and notice. Though the law was once understood to be otherwise, *De Bert* v. *Atkinson*, 2 H. Black. 336, it was for a very technical reason, because the party was not an endorser in the common course of business, but it has very properly been overruled ; for it is certain the fact of insolvency in the maker, above all others, would seem to be a reason why the endorser should have immediate notice, to afford him an opportunity to

NEW-YORK,
May, 1831.

Mechanics'
Bank of N. Y.
v.
Griswold.

NEW-YORK,
May, 1831.

Jackson
v.
Long.

save something out of the wreck of the estate. But having anticipated that event, and taken into his possession the whole of the estate, expressly to meet his responsibilities, the endorser has effectually secured every object which the law presumes would be the consequence of notice of the default of the maker, and which therefore it has generally required. He cannot complain of injury from want of demand and notice. Upon the original undertaking of the defendant, then, as endorser, and the rules of law applicable thereto, and reasons therefor, I am of opinion that the plaintiffs are entitled to judgment upon the demurrer, with leave to the defendant to amend on payment of costs.