Caric^ par

Evans, J.
The undertaking of . the endorser of a promissory note is upon the condition, that payment shall be demanded of the maker when the note is due, and upon default of payment, notice shall be given to the endorser. The object of this notice is to enable the endorser to protect himself against his liability by securing the debt from those who are liable to him. Hence the general rule is, that to charge the endorser, notice must be given; but this is not an inflexible rule, and wherever the reason of the rule ceases, it has been dispensed with. Thus in the case of Corney vs. Dacosta, 1 Esp. R. 302, where the endorser at the time of endorsement took effects of the maker into his hands equal to the amount of his liabilities, Buller, J., held he was not entitled to require demand or notice. The reason of this decision was, that having already secured himself there was no necessity for giving him notice. In the case of the Mechanics’ Bank of New York vs. Griswold, 7 Wendall, 165, it was decided'that the endorser of a promissory note, who, before the note fell due, took an assignment of all the estate of the maker to meet his responsibilities, which was ample security to him, was not entitled to insist on either demand or notice as a condition of his liability. In the cáse of Bond vs. Farnham, 5 Mass. 170, before the note became due the maker became insolvent, and the endorser took from him an assignment of all his property to secure himself against this and other liabilities. It was held he was not entitled to notice, although the pro *194 perty assigned was insufficient to secure him against all his liabilities; but it secured all the maker had, and he could hare obtained no other security even if notice had been given. So also in the case of the Bank vs. Myers, 1 Bailey 419, Myers took a confession of judgment from Cohen to secure himself against his liability as endorser on the note of Cohen. This was held to be a waiver of his right to notice.
The principle to be deduced from these cases is, that when the indorser has secured himself against his liability, by an assignment or lien upon the whole or a sufficiency of the maker’s property as an indemnity, notice is not required to be given to him. How does this case stand with these principles'? It appears from the evidence of Mr. Gibbon that the indorsement of this note was a subject of negociation between the maker and Barrett before he indorsed ; the result of which is set out in the following letter:
Charleston, July 1840.
Messrs. Geo. & John Gibbon,
Gentlemen — Herewith I deliver you a bond of G. W. Glover, in my favor, with my indorsement in blank thereon, dated 14th February, 1840, conditioned for nine hundred dollars and interest, secured by mortgage of a house and lot, in Hasell-street, which I deposit with you in trust as collateral security, for the indorsement by Jacob Barrett of my note at same date, nine hundred dollars, and for the indorsement by him, of the future renewal or renewals of said note ; on non-payment by me of which note or any of its renewals you will please deliver over the bond and mortgage to Mr. Jacob Barrett, and fake his receipt for the same.
Respectfully,
GEO. W. LOGAN.
I understand from this evidence, that the delivery of the bond and mortgage to Gibbon, in trust, to be delivered to Barrett in case of Logan’s failure to pay the note or its renewals, was the condition upon which Barrett agreed to indorse the note. Upon the security being given he was *195 willing to indorse and did indorse Logan’s note. If he had not regarded the security as ample, he would not have done so. His case rests on the same principle and is not distinguishable from the cases cited above. It seemed to have been conceded in the argument, that if the.* bond and mortgage of Glover *%d been of the whole es<-\\ tate of Logan, then on the authority of the cases cited V from Wendell and Massachusetts reports the decision was right in the Court below. But I apprehend the cases cited do not depend on that circumstance, but on the fact that the security was ample or all that could be obtained. The case of the Bank vs. Myers did not depend on the fact, that it covered all the property. The security in that case was a confession of judgment, which certainly does not create a lien on all of the defendant’s property; dioses in action, which constitute a large part of the wealth of commercial men, are not reached by either judgment or execution. It seems to me that Barrett, having taken what he considered ample security against his liability on his indorsement, and, in the absence of any proof to the contrary, we must suppose it an ample indemnity, has waived his right to insist on notice ' of non-payment by the maker, and the motion must therefore be dismissed.
O’Neall, Butler and Wardlaw, J J. concurred.