Cowen, J., dissenting.
I think the reason for requiring notice to an endorser fails altogether in its application to Dill, the defendant. He knew that the note must lie over, and, on the day of presentment, told the cashier that the maker was gone and it would not be paid. On the same day he stated this to Beardsley, adding that on the maker’s return a hundred dollars should be paid and the note renewed. After this, I think it not only unreasonable, but most ungracious to raise the objection that he had not notice of presentment and non-payment. He does not pretend that he even made a mistake. He was *407 master of the whole ground, and knew all that a presentment and notice could have communicated. The only reason for notice is, that the endorser may provide for his indemnity. He may waive notice; and this takes nothing from his remedy. Leffingwell v. White, (1 John. Cas. 99,) is in point. The court there said : “ The defendant was fully apprized of his situation before and at the time the note fell due. One of the makers was absent from the state, and the other had absconded. A formal demand and notice under such circumstances, could answer no valuable purpose. The, defendant, sensible of this, by his own acts admitted his responsibility, treated the note as his own, and negotiated for a further time of payment.” That is the present case in totidem verbis. The case of Prideaux v. Collier, (2 Stark. Rep. 57,) if it were the other way, is a men nisi prius decision: but I do not see any difference between that and the case decided by this court. The drawer told the holder he hoped the bill would be paid, and he would endeavor to provide effects and would see the holder again. Lord Ellenborough, C. J. said, all this imported no more than that the drawees would probably not accept the bill; but it was possible they might change their minds. He required a presentment, therefore, as evidence that there was a default of the drawees. Here we have the positive assurance of Dill that the note would not be paid; an assurance given on the very day it fell due, and accompanied by the reason, viz. that the maker was absent from the country, which was true. The argument of Mr. Justice Nelson, in Mech. Bank of N. Y. v. Griswold, (7 Wend. 168,) applies, viz. “ Upon the maxim that when the reason for the rule of law does not exist, it ought not to be applied, it has frequently been decided, that in cases where the non-payment by the maker and failure of notice to the endorser cannot possibly operate to the injury of the endorser, the omission will not discharge him.” I know it is said in one case that notice and knowledge are different. (Picken v. Graham, 1 Crompt. & Mees. 725, 727.) That is certainly not so un der our rule, even if it will bear the test of common sense. The complaint of the present defendant is shortly this: “ You failed *408 to give me notice of what I knew all about, and informed' you of myself; inconsequence of which I have been kept in the dark, delayed, and finally lost my remedy over against my principal.” He may have lost his remedy; perhaps he never had an effectual one; but it seems, with great deference, to be a departure from every principle on which this defence rests, if we allow it to prevail. Indeed, its interposition by the defendant strikes me as requiring an unusual power of face. I.cannot doubt that the circuit judge was right in disregarding it, and charging as he did in favor of the plaintiffs. I am opposed to a new trial.
New trial granted.