## MARSTON v. THE BANK OF MOBILE.

1. *Semble:* If a single witness testifies fully and explicitly to the existence of a usage, and is not contradicted, it cannot be assumed as a legal conclusion that the proof is insufficient.

2. A notary in whose hands a negotiable note, is placed for demand and protest, must inform the holder with promptness, if he does not give notice of its dishonor; and if he undertakes to give notice, he must do so in such a manner as to make it effectual in law.

2. Where the indorser of a negotiable note, after its protest for non-payment,

upon the note being shown to him by the maker, with the false assurance that it was paid, delivered up to the latter a security which he held for his indemnity, the fact that such a security existed when the note was protested, will not excuse the neglect to give notice of the dishonor to the indorser.

Writ of error to the Circuit Court of Mobile.

THIS was an action on the case by the defendant in error, against the plaintiff, to recover damages for his neglect to give notice to Thomas G. Newbold, that a promissory note made by Jeremiah Findlay and John Cody, and indorsed by Newbold, Andrews, and Fontaine & Freeman, for the payment of $741, on the first and fourth day of January, 1839, had not been paid by the makers at maturity. The defendant was a notary public, residing in Mobile, and the note was placed in his hands, that he might demand its payment, &c. Payment was accordingly demanded, and upon the default of the makers, was protested for non-payment. In the notarial protest it is recited, "that the indorsers have had due notice of the demand and non-payment, and protest of said note, by notice in writing, directed by me as follows: To T. G. Newbold, and left at his office; and for the two last indorsers at the office of Fontaine & Freeman." See further, a report of this when here previously. [7 Ala. Rep. 108.]

The cause was tried on an issue of fact, a verdict returned for the plaintiff, and judgment rendered accordingly.

It was testified by a witness introduced by the plaintiff, that it was the custom at Mobile, for notaries, when a note is received for that purpose, to demand payment of the maker, and give notice of the non-payment to the indorsers. This was all the evidence in respect to the usage.

The defendant prayed the court to charge the jury, that more than one witness is necessary to prove a usage in Mobile, that when a notary received a note in that city to demand payment, and to protest for non-payment, it was not his duty to give notice to the indorsers. This charge was refused.

Further, if at the maturity of the note in question, and for a long time afterwards, Newbold held an indemnity from the makers, sufficient to cover his liability as indorser, then the defendant is not liable for the omission to give him notice. This charge was given with the following qualification— "Provided, plaintiff had notice of the indemnity that was held by Newbold." To the refusal to charge as prayed, and to the charge given, the defendant excepted, &c.

J. A. CAMPBELL, for the plaintiff in error.

P. PHILLIPS, for the defendant in error. One witness was sufficient to prove the local usage—there being no evidence on the part of the defendant. [Parrott v. Thatcher, 9 Pick. 426.] But it was not necessary to prove any usage—for the notary, by his protest, informs the bank, he had given the notice, and the bank may well have relied on his statement. [Bank of Mobile v. Marston, 7 Ala. R. 110.] Supposing the charge to be erroneous, yet the court will not reverse the judgment, because the plaintiff was entitled to recover without any such proof. [Porter v. Nash, 1 Ala. Rep. 452; The Mayor &c. of Mobile v. Emanuel & Gaines, 9 P. 503 ; Brock v. Young, 4 Ala. R. 584.] As to the question of indemnity, this point was fully settled in the case, Bank of Mobile v. Marston, *supra.*

COLLIER, C. J.—If a single witness testifies fully and explicitly to the existence of a usage, and is not contradicted by opposing evidence, we should think that it could not be assumed as a legal conclusion that the proof was insufficient. But if the law be otherwise, the error in the refusal to charge the jury was not prejudicial to the defendant. When this cause was here at a previous term, we said it was the duty of the notary to inform the holder of paper placed in his hands for demand and protest, what he had done, with all reasonable dispatch, if he has not given notice ; and if he undertakes to perform this service, he must perform it in such a manner as not to prejudice the holder's rights. Here the defendant, as he affirms in the protest, attempted to give notice to Newbold the only solvent indorser, but did not do it in such

manner, as to make the act effectual in law ; nor did he inform the plaintiff what he had done, that the latter might supply its defects. In this condition of the case, it did not devolve upon the plaintiff, to adduce further evidence in order to establish the notaries default ; but it was incumbent upon the latter to excuse himself. This being the law, the proof of usage was altogether unnecessary ; and even if irregular, or insufficient, could not have assisted the plaintiff or prejudiced the defendant.

In respect to the indemnity which Newbold had received from the makers of the note, it appeared that after the protest for non-payment, they showed the note to him, stating that it had been paid, and asking that the indemnity might be released ; and under that impression, he complied with their request. In our previous decision, we said, that under these circumstances Newbold might very well have inferred, that the representation was true, and thereby induced to part with the indemnity ; consequently it furnished no excuse for the failure to advise him of the non-payment of the note. Whether the knowledge of the plaintiff that Newbold was indemnified, could have relieved the defendant from the obligation to give notice, is in the present posture of the case, an immaterial inquiry, as there was no proof that he was informed of of it, and the jury have negatived the fact. If the knowledge of the plaintiff upon this point, could not change the rights and liabilities of the parties, as we incline to think, then the charge was more favorable to the defendant than he was entitled to ask. But apart from this, considering the evidence in the cause, the second charge prayed should not have been given in the terms in which it was asked, without adding a qualification as to the effect of the release of the indemnity.

There is no available error in the judgment of the circuit court, and it is consequently affirmed.

GOLDTHWAITE, J., being interested did not sit in this cause.