## DAVID A. WOGAN *v.* W. W. THOMPSON.

Insufficiency of demand of payment of promissory note to bind the endorser.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Goold & Stansbury*, for plaintiff. *Emerson & Huntington*, for defendant and appellant.

OGDEN, J. (VOORHIES, J., absent.) The defendant relies for reversal of the judgment against him, on insufficiency of evidence to establish that the note was duly presented and payment demanded of the makers so as to charge him as endorser. The makers of the note were *Caskin & Co.*, a commercial firm composed of *R. W. Caskin* and *Thornton & Payne*. At the maturity of the note, *Caskin* was dead, his administratrix had removed from the State, *Thornton* had absconded, and the Notary appears to have made the most diligent enquiry for the proper persons from whom to make a demand. He demanded payment of the syndic of the creditors of *Thornton & Payne* at their store, and also of the clerk, and on the afternoon of the same day *Payne*, one of the partners, understanding the Notary had been looking for him, called at the Notary's office and told him he could not pay the note.

There seems to us to be no ground for objection to the testimony of the Notary, and that the case was fully made out on the part of plaintiff.

It is therefore ordered, adjuged and decreed that the judgment of the court be affirmed with costs, and thirty-five dollars damages for a frivolous appeal.

*Emerson & Huntington*, for a rehearing.

The Notary states that he made careful search and diligent enquiries to find *Caskin & Co.* This is not sufficient, as all of the authorities state. He should have specified what efforts he made and where he enquired.

He swears positively that he made no efforts to find *Thornton's* domicil, and on p. 11, he says, "I asked no one about the domicil of *Payne*, except those in the store and at the boarding house mentioned, and Mr. *Wogan*, the holder, and I looked in the directory."

His testimony shows, that he asked no one in the store about the domicil, except the person he calls the clerk, whose name he admits he did not know, and who is fully proved not to have been a clerk of the drawees, but merely a clerk of the syndic.

In *Landry* v. *Stansbury*, 10 L. R. 487, the court say, that a demand of an administrator is insufficient, because he would not be authorized to pay the note, &c. The syndic is not an agent or representative of the insolvent, but of the creditors, and therefore not being authorized to pay, a demand of him was useless. As to the person called the clerk, it is fully and clearly proved, that he was not a clerk of the insolvent, (See Admissions, p. 12,) of what avail then was it, to make demand of him?

The insolvents had surrendered their property and the store contents were in the hands of the syndic. See p. 12. It was not their place of business, and they had abandoned it. Demand there was therefore insufficient. *Louisiana State Insurance Co.* v. *Shamburg*, 2 N. L. 511. Bayley on Bills, edition of 1836, p. 200. *Bond* v. *Farnham*, 5 Mass. 170, and *Freeman* v. *Boynton*, 7 Mass. 483. Story on Bills, p. 409, sec. 351.

One of the makers being dead, demand should have been made of the survivors. Story on Bills, p. 425, sec. 362. *Cayuga Bank* v. *Hunt*, 2 Hill N. Y. R. 635.

As to these we respectfully refer to the authorities cited in our brief, p. 7, and especially to the case in 4 Howard, 262.

The uniform practice has been to give damages only when the appeal was clearly made for delay, and never when the appellant may have fairly doubted the correctness of the judgment below. See cases cited in Hennen's Digest, p. 105, No. 3. We assure the court that this case was appealed by our advice, under a full conviction that the judgment was erroneous, and not for delay.

Rehearing refused.