## MOSES *v.* ELA.

Where the indorser of a promissory note received of the makers a mortgage of all their property to indemnify him against such liability, it was held that he was still entitled to notice of the dishonor.

A witness, who has testified that a paper produced by him is a copy of a notice sent to an indorser, may, at the instance of the party calling him, correct his testimony, by stating that in respect to the direction it is not a copy.

THIS is assumpsit by the indorsee against the indorser of a promissory note, and the case having been tried upon the general issue and a verdict returned for the plaintiff, the defendant moved for a new trial for errors in the rulings and instructions of the court.   The facts sufficiently appear in the opinion of the court.

*Hackett,* for the defendant, to the point that notice was not excused, cited Chit. on Bills, ch. 10, 438 ;   *Bond* v. *Farnham,* 5

Mass. 170, and Rand's note to that case, in Edition of 1835, and authorities collected; *Wilkes* v. *Jacks*, Peake 202; Parsons' Merc. Law 118.

*Marston & Collins*, for the plaintiff, to the same point cited *Bond* v. *Farnham*, 5 Mass. 170; *Mead* v. *Small*, 2 Greenl. 207; *Andrews* v. *Boyd*, 3 Met. 439; *Corney* v. *DaCosta*, 1 Esp. 302; *Mechanics Bank* v. *Griswold*, 7 Wend. 165; Story on Pr. N., sec. 282; *Marshall* v. *Mitchell*, 34 Me. 227; 3 Kent Com. 113.

BELLOWS, J.  This is an action by the indorsee against the defendant as the indorser of a promissory note made by J. K. & S. Merrill, and payable to the defendant's order in six months.  There was evidence tending to prove that the defendant took a mortgage of the makers of all their property, to indemnify him for indorsing this and other notes for them, a considerable portion of which property was disposed of by them, with Ela's consent, and applied to other purposes.  The court instructed the jury, that if, after signing the note and before its maturity, the defendant received from the makers a mortgage of all their property, to indemnify him for signing this and other notes, he must be considered as having waived demand and notice; and such is the doctrine of many decided cases, among which, a leading one, is *Bond* v. *Farnham*, 5 Mass. 170, where, although the property was not sufficient to indemnify the indorser, yet, as it was all the maker had, it was held by *Parsons*, C. J., that a demand would be fruitless, and the indorser must be considered to have waived it, and as having engaged with the maker, on receiving all his property, to take up his note. No authorities, however, were cited, and a verdict having been taken by consent, the question must have been, whether a jury, upon the evidence, could have found for the plaintiff.  A similar doctrine is laid down in Story on Pr. N., secs. 281, 283; Story on Bills, sec. 374; Chit. on Bills (10 Am. Ed.) 358, in notes.  So, also, are *Mead* v. *Small*, 2 Greenl. 207; *Prentiss* v. *Donelson*, 5 Conn. 175; *Duval* v. *Farmers' Bank of Maryland*, 9 Gill & Johns. 31; *Bank* v. *Griswold*, 7 Wend. 165; *Taylor* v. *French*, 4 E. D. Smith 458; *Benton* v. *Baker*, 1 S. & R. 334; *Carlisle* v. *Hill*, 10 Ala. 398; *Stephenson* v. *Primrose*, 8 Port. 155; *Kyle* v. *Greene*, 14 Ohio 495.

On the other hand, it is contended that mere indemnity does not dispense with notice, unless the indorser has come under obligation to the maker to pay the debt.  Such is the doctrine of *Keamur* v. *Sanford*, 4 W. & S. 328, where *Gibson*, C. J., says the contrary has no footing in Westminster Hall.  In *Deming* v. *Palmer*, 5 Ire. 610, *Ruffin*, C. J., has examined the subject with great care and ability, and his conclusion accords with the views of *Gibson*, C. J., before referred to; holding that if the note be for the accommodation of the indorser, or if the maker place funds in his hands to meet it, he is not entitled to notice; but that no agreement to take up the note is to be implied by law from the fact that the maker has mortgaged all his property, as indemnity, to the indorser; and that in such case notice is necessary; and he considers *Bond* v. *Farnham*, 5 Mass.

170, which is often cited as the leading case, as standing upon the ground that there was evidence upon which the jury might have found that the indorser had agreed to pay the note, which agreement he supposes was the foundation of that decision. If not so to be understood, then it must be regarded as overruled by *Creamer* v. *Perry*, 17 Pick. 332, where the maker assigned property to a trustee to indemnify the indorser, among other things, for his liabilities as such, and it was held that notice was not dispensed with, *Shaw*, C. J., holding that the assignment was an indemnity against his legal liabilities, and as that was only conditional upon his having due notice, the lien upon the fund depended also upon the same condition. See, also, Rand's note to *Bond* v. *Farnham* (Ed. 1835), Mass. Reports.

In our own State, in *Woodman* v. *Eastman*, 10 N. H. 367, it is laid down by *Parker*, C. J., that the indorser who has received a mortgage of the maker for his security is still entitled to notice. He says (page 367) that the fact that the indorser, if compelled to pay, will not suffer loss, can hardly modify or control the ordinary legal rights or liabilities of the parties arising from the indorsement. The same principle is recognized in *Seacord* v. *Miller*, 3 Kernan 55; and *Marston* v. *Bank of Mobile*, 10 Ala. 284; *Spencer* v. *Harvey*, 17 Wend. 489.

Upon a careful examination of the cases, we are fully satisfied with the decision of our own court in *Woodman* v. *Eastman*, and it is, we think, conclusive upon the case before us. In both cases the indorser had security by mortgage, and the only difference is, that here all the maker's property was mortgaged, while in *Woodman* v. *Eastman* it may have been otherwise; but in this case the property was suffered to remain in the makers' possession, and they were allowed to dispose of it for other purposes. The fact that all their property was thus mortgaged, unless shown to be ample security, can bear only upon these views, namely, that a demand might be of no avail, for want of means in the makers; and, also, that the notice would not, for the same reason, enable the indorser to obtain further indemnity. As to the first, it is settled that insolvency in the maker is no excuse for not giving notice. *Lawrence* v. *Langley*, 14 N. H. 70; *Benedict* v. *Caffe*, 5 Duer (N. Y.) 226; Story on Pr. N., sec. 286, and cases; Chit. on Bills (10 Am. Ed.) 354, and notes. As to the second point, the notice would at least, as suggested by the defendant's counsel, put the indorser upon his guard, to take possession of the property mortgaged and turn it to the best account. When funds for meeting the note are placed in the indorser's hands to be so applied, it may well be regarded that he has undertaken to pay it, and notice in such case could not reasonably be required; and it would be the same where the indorser had expressly agreed to pay it upon having funds placed in his hands. But a mere indemnity, by the way of mortgage, giving to the indorser no funds which he could apply to the payment of the note when due, stands upon a footing entirely different, and furnishes no evidence of an agreement to pay the note. In fact, only the maker himself could apply the property so mortgaged to the payment of

the note, at its maturity; and, therefore, it ean not be reasonably urged that an agreement by the indorser to pay can be inferred from the mere fact of the mortgage, inasmuch as the duty to pay remains as before upon the maker, and he alone can apply the property mortgaged to that object; and upon payment, the lien of the indorser is gone.

The obligation to give notice arises from the fact that the duty to pay is upon the maker, and that the indorser may rightfully rely upon his making payment, unless he is duly notified of his failure to do so; and such is the contract between the indorser and indorsee. If, however, by a contract between the maker and indorser the duty to pay is upon the latter, as when the maker signs the note for the accommodation of the indorser, who receives the money; or when the maker places in the hands of the indorser the money to pay it, and he assumes to do so, then demand and notice are not necessary; because, as between the indorser and the maker, the duty to pay is upon the former, and no remedy over is affected by want of notice. In the case of insolvency, or security by mortgage merely, without placing in the indorser's hands the means of present payment, there is no ground for saying that his remedy over can not be affected by a failure to make the due presentment which is implied in every contract of indorsement as a condition for the indorser's liability. In the case of insolvency, it is not certain that the maker may not, through his friends, or otherwise, have provided the means to pay the note when presented; and to the benefit of that chance the indorser, by the terms of the contract, is entitled. So, too, he is entitled to notice of the dishonor, that he may himself judge what steps shall be taken. Story on Pr. N., sec. 286, and note 1; and Chit. on Bills (10th Am. Ed.) 354, and notes; *Camidge* v. *Allenley*, 6 B. & C. 373. In the case of a mere mortgage, it is obvious that in a large portion of instances, notice would be still more important to the indorser, that he might at once take measures to make his security available. On this point, then, we hold the instructions of the court to be erroneous.

The other point made by the defendant is not now important, and is not likely to arise upon another trial; but it will be difficult to distinguish this from the admission of evidence to prove some fact in contradiction to what another witness, introduced by the same party, has already testified; and this clearly may be done. 1 Greenl. Ev., sec. 443, and notes. In the case before us, a witness had testified to the sending a notice of protest to the defendant, and, to show the contents of it, read what he said was a copy, but was afterward permitted to state that, in respect to the direction, it was not a copy. At least such seems substantially to be the construction of the case as given by the defendant's counsel. If this be so, we see no objection to such correction, inasmuch as the contents of the notice might be shown by parol evidence.

But on the other point, the verdict must be set aside, and there must be

　　　　　　　　　　　　　　　　　　　　　*A new trial.*