ETHRIDGE *et al.* v. BOND *et al.*, appellants.

*Promissory note — non-payment — waiver of notice by indorser.*

A promissory note made by M., payable to the order of B., was indorsed by B., and not being paid at maturity was protested, B. having notice of protest. B. then agreed with the holders that if they would take a note in the same form and so extend the time of payment, he would take see that it should be paid at maturity. At that time M. was insolvent. *Held*, that B. was not entitled to notice of non-payment of the new note in order to charge him.

APPEAL from judgment in favor of plaintiff upon a trial of the cause by the circuit judge without a jury. The case was this: On the 18th day of July, 1871, one Merriam made his promissory note as follows :

" $350.                                    ADAMS, *July* 18, 1871.
" Thirty days after date I promise to pay to the order of S. N. Bond three hundred and fifty dollars, payable at the Central National Bank, N. Y., with interest, value received.
                                            " S. A. MERRIAM."

The note was indorsed by the defendant, Samuel N. Bond, to plaintiffs, Alfred Ethridge and others, and at maturity it was duly protested for non-payment. Bond then agreed with plaintiffs that if they would take a note and so extend the time of payment, he would see that it should be paid at maturity. Merriam was then insolvent. A note in the following form was accordingly given :

" $350.                                    ADAMS, *Sept.* 12, 1871.
" Two months after date, for value received, I promise to pay to the order of S. N. Bond three hundred and fifty dollars, with interest, at the Central National Bank of Rome, N. Y.
                                            " S. A. MERRIAM."

This note was indorsed by Bond, but at maturity he received no notice of non-payment.

Upon these facts judgment was ordered for plaintiffs, and defendant appealed.

*N. Vickery*, for appellant.

*G. F. Bicknell*, for respondents.

E. DARWIN SMITH, J. The judgment in this case, I think, should be affirmed, on the ground, particularly, that the defendant was not entitled to notice of the non-payment of the note of the 12th of September, 1871. This note was really taken and received at the instance and request, and for the benefit and accommodation, of the defendant. He had become fixed upon his indorsement of the note of Merriam of the date of July 18, 1871, and recognized and admitted his liability to pay such note, and negotiated with plaintiffs for an extension of time to pay it, and they, at his request and for his particular accommodation, took a new note at sixty days, on his agreement to see to it and see it paid. The note is, in form, the note of Merriam, and indorsed by the defendant, but Merriam had gone into bankruptcy and had no means for the payment of such note, and was not expected to pay it. He had given the defendant some security by way of a chattel mortgage, upon which the latter relied to re-imburse him in part for the payment of such note. The defendant was no more entitled to notice of non-payment of such note than he would have been if it had been his individual promissory note. The form of the transaction did not change his rights. He was the real debtor who had agreed in advance and was relied on to pay the note at maturity. In such case the reason for the notice of non-payment entirely fails, and such notice is not necessary to charge the indorsee. It is dispensed with, not waived. Story on Bills, § 357; Pars. on Bills, § 557; *Mechanics' Bank of Albany* v. *Griswold,* 7 Wend. 168; *Commercial Bank of N. Y.* v. *Hughes,* 17 id. 98; *Sheldon* v. *Horton,* 43 N. Y. 97.

The judgment should be affirmed.

*Judgment affirmed.*