MARY WHITTIER *vs.* ISAAC P. COLLINS.

In Rhode Island, the indorser of a promissory note, by taking security from the maker, does not waive demand upon the maker and notice of non-payment.

If, after the time for demand and notice has passed, the indorser of a promissory note merely requests the holder not to press the note against the maker, he does not thereby waive demand and notice.

DEFENDANT'S petition for a new trial.

*June* 13, 1885. STINESS, J. Petition for new trial in a suit against an indorser of promissory notes, upon the ground that erroneous instructions were given to the jury. It was admitted at the trial that there was no legal demand and notice, but it was claimed that this was waived by the fact that the defendant stated to the plaintiff, when the loans were negotiated, that he held a bill of sale of certain property belonging to the maker of the notes, to protect him as indorser of said notes. The defendant denied that he had security and that he so stated, but requested the court to charge that the mere holding of security by him to secure him as indorser would not be equivalent to a waiver of demand and notice. This the presiding judge refused, but instructed the jury that if the defendant held security ample to cover his liability as indorser, of which his statement to that effect to the plaintiff would be evidence, then legal demand and notice of the dishonor of the notes were unnecessary. The defendant excepted.

It cannot be denied that there is authority, both in text-books and in decided cases, for the instruction that was given. Judge Story, in his work on Promissory Notes, § 281, 7th ed., gives, among the excuses for non-presentment, " the receiving of security by the indorser, before or at the time of the maturity of the note, as an indemnity or payment thereof. In such a case, if the security or indemnity be a full security or indemnity for the amount of the note, it is plain that the indorser can receive no damage from the want of a due presentment." A similar statement is made in 3 Kent Comment. 12th ed. *113, and the same cases are cited as authority in both books. It will be seen, however, upon examination, that the cases can hardly be regarded as authority for the statements of the distinguished writers. The

doctrine seems to have had its origin in *Corney* v.‛*Da Costa*, 1 Esp. 302, a decision at *nisi prius.* An insolvent had made a composition with his creditors, but, to avoid the expense of a conveyance to trustees, it was agreed that he should give his notes, indorsed by the defendant, the latter taking a transfer of the debtor's property to the amount of the composition. Presumably, the transfer covered the entire property of the debtor, although this is not stated, but the decision seems to rest upon the fact of a primary undertaking and liability on the part of the defendant, by reason of his agreement with the creditors, rather than upon his liability as a secured indorser. Indeed, he is not referred to as an indorser by the court. He seems to have been treated as a joint maker, in fact, though an indorser in form. The case, therefore, is far from supporting the proposition which is quoted above. *Martel* v. *Tureaud's Estate*, 6 Mart. N. S. La. 118, is a case of similar character. The earliest and most frequently quoted case in this country is that of *Bond* v. *Farnham*, 5 Mass. 170, which was a typical case of another class. The point decided was, that when an indorser takes for his indemnity *all* of the maker's property, thereby putting it out of his power to pay the note, he stands in the shoes of the maker, upon whom a demand would be fruitless, and a waiver of notice is consequently implied. It is to be noted, in this case, that the waiver is emphatically stated to depend upon the transfer of the whole of the maker's estate, and not simply upon the fact that he received security. To exactly the same point are *Mechanics' Bank of N. Y.* v. *Griswold*, 7 Wend. 165; *Perry* v. *Greene*, 19 N. J. Law, 61; *Duvall* v. *Farmers' Bank of Maryland*, 9 Gill & J. 31; *Watkins* v. *Crouch & Co.* 5 Leigh, 522. In *Andrews* v. *Boyd*, 3 Met. 434, the indorser was held liable upon an express agreement; in *Prentiss* v. *Danielson*, 5 Conn. 175, it was held that indemnity given for other notes did not apply to the one in suit, and hence the indorser was not liable; in *Holman* v. *Whiting*, 19 Ala. 703, it was determined that the indorser was not indemnified and not liable. *Lewis* v. *Kramer & Rahn*, 3 Md. 265, held that " receiving a sum less than the amount of the note ͗will not necessarily operate as a waiver," but that it might be recovered by the holder against the indorser as money had and received to the holder's use, *pro tanto*,

in discharge of the note. While there are numerous *dicta*, in these cases, to the effect that any taking of security is a waiver of demand and notice, the cases themselves do not decide nor even support the proposition.

The cases of *Mead* v. *Small*, 2 Me. 207, and *Develing* v. *Perris*, 18 Ohio, 170, do, however, directly support it; but the former cites only *Bond* v. *Farnham*, and the latter the same case with *Mead* v. *Small*, and *Mechanics' Bank of N. Y.* v. *Griswold, supra.* The foundation, then, of these cases, is *Bond* v. *Farnham*, which, as before stated, stands upon a different ground and supports a different principle.

On the other hand, the question before us has arisen in many cases which have expressly decided that the receipt of security is not a waiver of demand and notice. *Kramer* v. *Sandford*, 4 W. & Serg. 328 ; *Wilson* v. *Senier*, 14 Wisc. 380 ; *Denny* v. *Palmer*, 5 Ired. 610 ; *Seacord* v. *Miller*, 13 N. Y. 55 ; *Holland* v. *Turner*, 10 Conn. 308 ; *Woodman* v. *Eastman*, 10 N. H. 359 ; *Moses* v. *Ela*, 43 N. H. 557 ; *Creamer* v. *Perry*, 17 Pick. 332 ; *Haskell* v. *Boardman*, 8 Allen, 38.

We think the weight of authority is with these cases. We also think that they are correct in principle. The general rule of an indorser's liability is so well understood in commercial circles that no exception should be engrafted upon it which is not required by reason or necessity. Indorsements of negotiable paper have become such a necessary part of business affairs that the rules relating to them should be as simple and stable as possible. If they should be hedged about with unreasonable or unnecessary exceptions, the plain man would become bewildered, and the law, instead of showing a straight path of conduct, would entangle him in a thicket of unexpected liabilities. Why should the receipt of security make an exception to the rule that an indorser is entitled to notice of non-payment ? In taking security he has practically said to the maker, "I will hold this to indemnify me *in case* I become liable to pay your note." Why should it be said that he *thereby* becomes liable to pay it ? This would change his contract and character from that of an indorser to that of surety or joint maker. If he has received funds for the express purpose of paying the note, or if he has taken the whole of the maker's property

for security, reasons for holding him liable have been stated; but those reasons do not apply in a case like the one before us. The indorser's liability at the outset was contingent; to guard against the contingent liability he took security; we do not see how the liability thereby became absolute. It is said that the reason for the rule requiring notice to indorsers is to enable them to proceed at once to collect from the maker, and thus to secure themselves; that if the indorser is secured, he can lose nothing, and, the reason for the rule failing, the rule itself does not apply. But this does not follow. An indorser, receiving no notice of non-payment, may think the note is paid, or may be wrongly informed that it is paid, and surrender the security, only to learn later, if this were the doctrine, that he has waived notice and is still liable without his security. Again, the security he supposed to be good may prove to be worthless. Moreover, if the fact that the indorser would eventually lose nothing is to affect his liability, the solvency of the maker, from whom the indorser could eventually recover, might be shown, with equal reason, as a ground to hold the indorser liable. The liability of the indorser is not dependent upon his ultimate loss or reimbursement, but upon the rules of mercantile law, and hence it does not depend upon the fact of security or no security. This has been well stated by Professor Parsons: "The answer to the objection that the whole object in requiring notice is attained as soon as the indorser is indemnified is, in our opinion, that, whatever may have been its effect in the gradual formation of the law, the requirement of notice has at last settled down into a strict technical right, and an appeal to original reasons has become less frequent and less influential."

We think that the instruction given in this case, upon this point, was erroneous.

It is also set forth in this case, that the court erred in refusing to allow the defendant to prove that the rate of interest charged was exorbitant, in order to enable him to claim an unconscionable contract, as in *Brown* v. *Hall*, 14 R. I. 249. But this case does not fall within the principle upon which *Brown* v. *Hall* was decided. The parties to this note were competent to contract, and it does not appear that there was any fraud or oppression, or any advantage taken of a confidential relation. The testimony was, therefore, properly excluded.

The third ground of error alleged is the instruction to the jury that requests by the defendant to the plaintiff for forbearance in demanding payment of the note, whether before or after maturity, would amount to a waiver of notice. It is not clear from the record whether the request related to the legal demand at maturity, or whether it was a mere request to forbear demanding payment for a while after maturity. If the plaintiff was induced to omit the legal demand by the defendant's request, of course he would thereby waive notice of demand and non-payment; but if it was a simple request, after the time for demand and notice had expired, not to press the maker of the note, the plaintiff still being at liberty to bring suit, if she chose to do so, we do not think that such a request would amount to a waiver by the defendant.

*Petition granted.*

*Warren R. Perce*, for plaintiff.
*James C. Collins & Walter H. Barney*, for defendant.