By the Court.

In this case, it has been contended, for the plaintiff, that there was sufficient evidence of a demand * on the maker of the note. But the only evidence of the fact was the confession of the defendant, not of the fact, but that the maker of the note had informed him of the fact. Now, that declaration of the maker, if it had been made in open Court at the trial of the cause, would not have been evidence of the fact. Certainly, then, it cannot be evidence, when produced in this circuitous manner.
Then it was urged that the defendant had waived his claim of a demand and notice. We have decided, in Bond & Al. vs. Farnham, which was cited by the Solicitor-General, that if the maker of a promissory note, before the note becomes- due, assigns all his property to his endorser, this latter is to be considered as waiving a demand and notice. But it would be going too far, to say that an endorser, who, supposing a regular demand and notice to have been made and given, and believing hitnself chargeable, takes measures for his indemnity against his supposed liability, becomes thereby chargeable. The verdict in this case must be set aside, and a new trial granted, (a)

 [Vide in note, Crosser vs. Hutchinson, ante, 205. — Ed.]