By the Court,

Sutherland, J.
The court of common pleas properly held, that upon the evidence in this case, the defendant was not responsible for the goods sold "by the plaintiff to the wife and daughter of the defendant. The defendant, living separate from his family, was undoubtedly bound to furnish *36 them, with necessaries suitable to their condition, and his omission to do so, would furnish them with a general credit to that extent; but he has no right to supply them in such reasonable manner as he may think proper; he can employ such mechanics and store keepers as he chooses, and can prohibit all ^others from giving them credit on his account. That seems to have been
the fact in this case. Mr. Wood, the son-in-law of the defendant, testified that he kept a dry-good and grocery store, and that the defendant had made an arrangement with him to furnish his family with all the necessariesdn his line which they required, which he had accordingly done; that he had made similar arrangements with butchers and others ; that he sent a man frequently to see that they were properly taken care of, and that the defendant had always provided comfortably for them. It was shown that these arrangements were well known to the defendant’s wife, and that the defendant had given public notice, in a newspaper which the plaintiff took, prohibiting all persons from trusting his family without his special orders, and that they had previously had no dealings with the plaintiff. Under such circumstances, the defendant cannot be held responsible. 2 Kent’s Comm. 124, 5, 6. 11 Johns. R. 281. 2 Strange, 875, 1214, and other cases cited by Ch. Kent.
Judgment affirmed.