By the Court. Vanderpoel, J.
We think, the variance here is fatal. The broker was the agent of both parties ; he must be deemed to have been employed by the one to buy, and by the other, to, sell; and the notes which he delivers to the parties, evidence their contract. According to the note delivered *137 to the plaintiffs, the 750 barrels only were to be delivered when it arrived, not later than three days ;* whereas, according to the note delivered to the defendants, the whole quantity, a thousand barrels, was to be delivered on its arrival, not later than three days. By the latter note then, the obligation of the defendants, to take the thousand barrels, was conditioned, on its arrival and delivery, within three days. Whether the terms of the latter note were more or less beneficial to the defendants than the former, cannot be material. Both parties had the right to determine that question for themselves, when they entered into the contract.
In Grant v. Fletcher, (5 Barn. &. Cres. 436,) it was expressly held, that the broker is the agent for both parties, and as such may bind them by signing the same contract, on behalf of buyer and seller. But that if he does not sign the same contract for both parties, neither will be bdund, and that where a broker delivers a different note of the contract to each of the contracting parties, there is no valid contract. (Davis v. Shields, 26 Wend. 341; Peltier v. Collins, 3 Wend. 459.)
2. The point is also well taken, that the flour was not delivered within the time specified in the contract. Nor does thé defendants receiving the 250 barrels of “ Scio” flour, preclude them from taking this objection. They had a right to receive this, in part fulfilment, and under the expectation, that the whole would be delivered according to the contract. The three days, within which the delivery was to be made, expired on the 16th of July ; and the defendants could not, on that or the following day, succeed in getting possession of the flour. (Cox v. Todd, 7 Dow. & Ry. 131.) That this is an article, as to which the time of delivery may be very important to the purchaser, is apparent from the evidence in this cáse. It shows, that the defendants wanted to ship it to England by a particular vessel, and the vessel had to be laden before delivery of the flour was offered.
3. The judge properly rejected the evidence of custom, offered by the plaintiffs in regard to delivery. We have lately expressed our repugnance to the idea, that well established principles of law should yield to local customs or usages. What is deli *138 very, is a question of law, .and not of opinion. It is not within the legitimate province of custom, to control, or at all interfere, with a question of this kind.
The motion to set aside the non-suit is denied.