### The Otsego County Bank *vs.* C. & R. Warren.

Where a bill of exchange was drawn upon a firm in the city of New-York, and directed to them by the name of W. C. & Co., 263 Wash. st., New-York, and the certificate of the notary stated that he presented the bill for payment to " one of the firm of W. C. & Co., the acceptors, and demanded payment, which was refused;" *Held* that the certificate was defective, 1st, in not stating who composed the firm, nor the name of the person of whom the demand was made; and 2d, in not stating the *place* where the demand was made.

The general rule is that where a bill is accepted by partners, the presentment for payment should be at their place of business, or at the dwelling house of either of them.

Otsego County Bank *v.* Warren.

And if a draft is addressed to the acceptors at a particular number and street in the city of New-York, that will be presumed to be their place of business.

The provision of the statute making the memorandum of a deceased notary, in his register, evidence of the fact that a notice of non-acceptance or non-payment was sent, does not extend to an entry or statement of the *presentment* and *demand* of a note or bill. The fact of presentment and demand must be proved in some other manner than by the memorandum of the notary, made in his register.

The statute making the certificate of a deceased notary, of the making of a demand of acceptance or of payment, presumptive proof of such demand, applies only to such demand as is *stated therein;* and if the certificate specifies a demand which is not sufficient, in law, it will not avail the holder, as evidence.

A custom usually prevailing among a class of men who have a special legal function to perform, cannot be allowed to control the rules of law in respect to commercial paper; nor make that valid which the law declares not to be valid.

Accordingly *held,* that evidence that notaries in the city of New-York usually state, in their registers, a demand of acceptance, or of payment, when made upon a firm, to have been made upon one of the firm, without specifying which, was inadmissible.

Where there has been no due presentment of a bill, or notice of dishonor, if the indorser, *after the maturity of the bill,* even supposing himself liable to pay the same, takes security from the maker, this will not amount to a waiver of the objection of want of due presentment, or notice; but the indorser will be deemed to have taken the security merely contingently, in case of his ultimate liability.

THIS was a motion by the plaintiffs to set aside a verdict rendered at the circuit in favor of the defendant Russell Warren, and for a new trial, on a bill of exceptions. The action was brought against the defendants as indorsers of the following bill of exchange:

"$1000.                                        Otsego, Nov. 20, 1849.

Ninety days after date, pay to the order of Cyrenus Warren, Esq., ten hundred dollars, value received, which place to account of

WARREN, CLARK & CO.

To Warren, Clark & Co., 263 Washington street, N. Y."

(Indorsed) " CYRENUS WARREN, Cooperstown, N. Y.

RUSSELL L. WARREN, Cooperstown, N. Y."

(Written across its face) " Accepted, Nov. 24, '49.

WARREN, CLARK & CO."

The cause was tried at the Otsego circuit in December, 1853, before Justice Crippen. The jury, under the direction of the court, found a verdict for the plaintiffs, against the defendant Cyrenus Warren, for the sum of $1269.03, and in favor of the other defendant, Russell Warren. The material facts, and the legal questions raised upon the trial, sufficiently appear in the opinion of the court.

*Averill & Wood*, for the plaintiffs.

*Lathrop & Burdett*, for the defendants.

BACON, J. This cause, it appears, has been twice tried at the Otsego circuit, presenting on the last trial some features which did not exist, or were not made to appear, on the first. On the first trial, which occurred in September, 1851, the rulings on the only two points to which exceptions were taken, were in favor of the plaintiffs. The first was in regard to the sufficiency of the certificate of the notary, to prove a due presentment for payment, of the draft on which the suit is brought. The bill was drawn on a firm in the city of New-York, and directed to them, by the name of Warren, Clark & Co., 263 Wash. st., New-York. The certificate of the notary stated that he presented the draft for payment " to one of the firm of Warren, Clark & Co., the acceptors, and demanded payment, which was refused." The defendants' counsel objected to the reading of the certificate in evidence, on the ground that it did not state the name of the person of whom the demand was made; but this objection was overruled, and the certificate was read in evidence. The other exception turned upon the effect of a general assignment made by the drawers of the bill, to Cyrenus Warren, to dispense with the proof of due demand and notice as to him; but as this point is not presented in the case now before the court, it is not necessary further to consider it. The supreme court, at the general term in the sixth district, upon the argument of the bill of exceptions, reversed the ruling at the circuit; holding that the certificate was defective, inasmuch

as it did not state who composed the firm, nor the name of the person of whom the demand was made, and the cause was sent back for a new trial. Upon the second trial, which took place at the Otsego circuit, in December, 1853, the plaintiff's counsel again offered in evidence the certificate of the notary, stating as before, that he presented the drafts to " one of the firm of Warren, Clark & Co., and demanded of him payment thereof, which was refused." The defendants' counsel thereupon interposed several objections to the admissibility of the certificate in evidence, among which were these, that it did not state the name of the person of whom the demand was made, nor where it was made. And the circuit judge, in accordance with the decision of the general term, rejected the certificate. This point having been argued and deliberately decided by the full court in the sixth district, must be held to be the law of this case, and I may add that I concur in the decision, although not entirely or exclusively upon the grounds stated in the opinion. It seems to me that the certificate is further defective, in not stating the place where the demand was made. The draft, it will be noticed, is addressed to the acceptors at a particular number and street, in the city of New-York, the same being doubtless their place of business. The general rule is that where the acceptance is by partners, then the presentment for payment should be at their place of business, or at the dwelling house of either of them. (*Bayley on Bills*, ch. 7, § 2. *Story on Bills of Exc.* § 362.) In the case of *The Seneca County Bank* v. *Neass*, (5 *Denio*, 329,) the note was payable at the bank, and the notarial certificate stated that the note was presented to the cashier of the bank ; and it was held insufficient, because it did not appear by the certificate that it was *done at the bank.* In that case the defect was supplied by oral proof; and unless the place of demand is made to appear by the certificate, or by proof *aliunde,* the evidence of a due presentment seems to me wholly defective.

This point being disposed of, the plaintiffs then called Anthony B. Campbell as a witness, who testified that he was the son of John D. Campbell, the notary who had presented the draft for payment ; that his father was dead, and that the seal and signa-

ture to the certificate were those of his father. The witness also produced the register of John D. Campbell, in which he had entered, in the regular order of business, that he had presented this draft to one of the firm of Warren, Clark & Co. and demanded payment, which was refused, &c. The register also contained entries, in the handwriting of the notary, of demand of payment as stated, and service of notice upon the indorsers. The plaintiffs further offered to show that the register contained entries both before and after the entries in respect to this draft, of demand made upon one of a firm, without stating which; and that the same register, previous to the entries in relation to this draft, contained entries of presentation and demand of Warren, Clark & Co., in which the demand was stated to have been made of one of the firm, without stating which. And thereupon the plaintiff offered to read the certificate in evidence as the original protest of the notary, as presumptive evidence of the demand. The counsel for the defendants objected to its being read in evidence, on the ground that it was not evidence of a due demand of payment, and the circuit judge sustained the objection and rejected the evidence, and the plaintiffs' counsel excepted. The ground upon which it was offered was the provision of the statute that, in case of the death of a notary, any note or memorandum made by him in his own handwriting at the foot of any protest, or in a regular register of official acts kept by him, shall be presumptive evidence of the fact of any notice of non-acceptance or non-payment having been sent or delivered, at the time and in the manner stated in such note or memorandum. (2 *R. S.* 284, § 53.) It will at once be seen that the provision is not broad enough to cover the ground assumed by the plaintiffs' counsel. The statute only allows the memorandum to be evidence of the fact that a notice was sent, as stated therein. It has no reference to any entry or statement of the presentment and demand of a note or bill, and does not relieve the plaintiffs from the obligation to make due legal proof of that essential fact.

The evidence being rejected on this ground, the plaintiffs' counsel next offered to read the certificate in evidence, as the

Otsego County Bank *v.* Warren.

memorandum of a deceased notary, made in the due course of his official business, not under the statute, but under the common law rule of evidence. The defendants' counsel objected to this evidence, upon the ground before stated, and upon the further ground that the statute had abrogated the common law rule. And the judge held that the certificate could not be received in evidence to prove a demand of payment, though it might be to prove any other fact therein contained. The memoranda of deceased notaries have frequently been given in evidence, under certain circumstances, both before and since the statute; and although it may not be necessary to decide that point in this case, I am inclined to think that the present provision of the statute has abrogated the common law rule on that subject. In either aspect, however, the admission of the certificate would not supply the necessary proof. Under the statute, the certificate, in case of death, is presumptive proof of the fact of any demand of acceptance, or of payment *stated therein.* So that, admitting the certificate in evidence, does not relieve the case of the objection that the certificate does not show a due presentment and demand, and the same difficulty would remain if the common law rule is still held to obtain. The original certificate and the notary's register show nothing more than was contained in the certificate which was offered on the first and second trials, and which was rejected under the decision of the court at general term. And while that continues the law of this case, the plaintiffs have made no sufficient proof of such demand as was necessary to charge the indorsers, upon this draft.

The plaintiffs' counsel then offered to prove that the register of the deceased notary was kept as notaries in the city of New-York usually keep their registers, and that notaries in their protests and registers usually state a demand made upon a firm to have been made upon one of the firm, without naming which. This species of evidence was properly excluded by the judge. A custom usually prevailing among a class of men who have a special legal function to perform, cannot be allowed to control the rules of law in respect to commercial paper, nor make that a valid demand which the law declares not to be valid. (*Hinton*

v. *Locke*, 5 *Hill*, 437.) And so in the case of *Woodruff* v. *Merchants' Bank*, (25 *Wend.* 673,) affirmed in the court of errors, (6 *Hill*, 174,) a usage in the city of New-York not to allow grace on an instrument termed a bank check, but possessing every character of an ordinary bill on time, was held inadmissible. And proof that what is not in law a delivery of goods sold is so by local custom, is not admissible, and will be rejected. (*Suydam* v. *Clark*, 2 *Sandf.* 133.) These, and analogous cases, very clearly establish the principle in accordance with which the court excluded the offered evidence.

The last offer of the plaintiffs' counsel, after having shown an assignment on the 20th of February, 1850, by the drawers of the draft to Cyrenus Warren, was to show, by the record thereof, an assignment by Cyrenus Warren to Russell Warren, the other defendant, bearing date the 4th of March, 1850, to secure Russell Warren for all his liabilities for the firm of Warren, Clark & Co., and to prove that sufficient property passed by this assignment to pay all his liabilities for the firm, including the draft in suit. This evidence was excluded by the court, and the plaintiffs' counsel excepted.

It is undoubtedly true that the receiving of security from the maker of a note or draft will, under certain circumstances, amount to a waiver of the right to require due presentment, and notice of non-payment of the note or draft. But it is essential that the security be given before the maturity of the dishonored paper. (*Story on Prom. Notes*, § 282. *Bond* v. *Farnham*, 5 *Mass. R.* 170.) It may perhaps be doubted whether security, at any time, from any other than the makers of the note or draft, will operate as a waiver of the right to claim a due protest; but however this may be, if there has been no due presentment, or notice of dishonor, and the indorser, *after the maturity of the note*, even supposing himself liable to pay the same, takes security from the maker, that will not amount to a waiver of the objection of want of due presentment or notice; since it cannot justly be inferred that he intends at all events to make himself liable for the payment of the note, but he takes the security merely contingently, in case of his ultimate liability.

(*Story on Prom. Notes,* § 278. *Tower*·v. *Demrall,* 9 *Mass. R.* 332. *Richter* v. *Selin,* 8 *Serg. & R.* 425.) In this case the draft fell due, and was dishonored, on the 21st day of February, 1850, and the assignment which was offered in evidence was not executed until the 4th of March, 1850, and being thus after the maturity of the paper, it did not operate to relieve the plaintiffs from the obligation to make strict legal proof of due presentment of the draft; nor did the defendant Russell Warren thereby waive his right to insist upon such proof being given. The ruling of the court, upon this point, was therefore entirely proper. This disposes of all the questions presented on the bill of exceptions, and the result is, that a new trial must be denied.

[HERKIMER SPECIAL TERM, August 28, 1854. *Bacon,* Justice.]