SEACORD *against* MILLER AND MILLER.

An endorser of a note does not dispense with the necessity of presentment for payment and notice of non-payment by taking from the maker security against his liability.

ACTION in the supreme court against Nicholas Miller as the maker, and Leonard P. Miller as the endorser of a promissory note, dated the 2d of April, 1850, for $125 and interest, and payable in eighteen months from date. The complaint, after stating the making and endorsement of the note, alleged that it was at maturity presented for payment, which was refused, and notice thereof was thereupon given to the endorser. The answer denied the complaint. The cause was tried at the Westchester county circuit, in 1852, before Mr Justice Brown and a jury. The note was read in evidence, and it appeared that payment of it was demanded of the maker and notice of its non-payment given

to the endorser on the day the eighteen months from the date of the note expired; that each then said the note was not due that it had three days more to run and that it would be paid. The plaintiff also proved and read in evidence a chattel mortgage, executed by the maker of the note to Leonard P. Miller, the endorser, dated the first day of April, 1851, and duly filed in the town clerk's office on the seventh of the same month of April, whereby the former conveyed to the latter a billiard table and balls and some articles of furniture, on condition that if the mortgagor should pay at maturity the note in suit, the transfer to be void. The mortgage provided that the mortgagor was to remain in possession of the property until default; and upon default the mortgagee was empowered to take possession of the property and sell it. At the close of the evidence, the counsel for the defendant, Leonard P. Miller, requested the court to dismiss the complaint or nonsuit the plaintiff as to him, on the ground that no sufficient evidence had been given, either of demand of payment of the note and notice to the endorser of non-payment, or of waiver by the endorser of such demand and notice, or of anything dispensing with the same. The court denied the motion and the counsel for the defendant excepted. The jury under the direction of the court, found a special verdict, as follows: 1. That the defendants made and endorsed the note as mentioned in the complaint; 2. That the amount of the note mentioned in the complaint, with interest, is the sum of $141.93; 3. That the note was not presented or protested for non-payment when it fell due; 4. That on the 1st of April, 1851, the defendant, Nicholas Miller, executed a chattel mortgage to the defendant, Leonard P. Miller, to save him from the payment of the note in question.

The justice holding the circuit, ordered judgment in favor of the plaintiff against both defendants for the amount of the note, and the counsel for the defendants excepted. This

Seacord *against* Miller.

judgment was affirmed by the supreme court, at a general term in the 2d district. The defendants appealed to this court.

*Wm. H. Taggard,* for the appellants.

*S. E. Lyon,* for the respondent.

JOHNSON, J. Although the jury have not found a general verdict in this case, the facts specially found are clearly sufficient to require a judgment to be rendered against Nicholas Miller, the maker of the note in suit. As to Leonard P. Miller, the endorser, the question is whether he can be charged, in the absence of a demand upon the maker for payment at the time when the note became due, and of notice of non-payment to him the endorser. It is contended, on the part of the plaintiff, that neither demand nor notice was necessary, upon the ground that the endorser had received from the maker security to indemnify him against his liability. The security consisted of a mortgage of personal chattels, executed by the maker to the endorser, and conditioned among other things to be void in case the note in question should be paid at maturity by the maker. The mortgage provides that the property mortgaged shall remain in the mortgagor's possession until a breach shall take place. It does not appear whether the property mortgaged was of value sufficient to afford an indemnity. Upon the cases decided in this state, the endorser in this case cannot be regarded as having waived his right to demand and notice. In *Mechanics' Bank* v. *Griswold* (7 *Wend.,* 166), the endorser had taken a general assignment of all the property of the makers, and the court held him liable without demand or notice, saying that he had taken into his possession the whole of the maker's estate expressly to meet his responsibilities, and had effectually secured every object which the law presumes would be the consequence of notice

3 KERN.—4

of the default of the makers. In the subsequent case of *Spencer* v. *Harvey* (17 *Wend.*, 489), demand and notice were held to be necessary notwithstanding a judgment had been confessed to the endorser to indemnify him against the payment of the note. The court said : "The mere precaution by an endorser of taking security from his principal has never been adjudged to operate as a dispensation of a regular demand and notice." There must be something more ; such as the taking into his possession the funds or property of the principal, sufficient for the purpose of meeting the payment of the note ; or he must have an assignment of all the property, real and personal, of the makers for that purpose. The question was considered in *Kramer* v. *Sandford* (4 *Watts and Sergeant*, 328), by Gibson, C. J., upon principle, and all the authorities were ably reviewed, and the court arrived at conclusions agreeing with the doctrine of the New-York cases above cited. They held that demand and notice were not necessary where the endorser had taken a general assignment of the maker's property, upon the ground, that in such a case, the endorser had obtained everything which notice was intended to enable him to obtain. That in other cases of security, the question was whether the endorser had, as between himself and the maker, become the party whose duty it was to take up the note ; and that where no waiver of recourse to the maker by the endorser had taken place, there no implied waiver of notice existed. Assenting entirely to the reasoning and doctrine of this case, so far as they are involved in the case now before this court, I am of opinion that the endorser of the note in suit was entitled to notice, and that as to him the judgment of the supreme court should be reversed and judgment rendered upon the special verdict in his favor.

GARDINER, C. J. The security given in this case was designed as an indemnity against a contingent liability. It did not change the nature of the original contract, or

amount to a performance of the condition precedent upon which that liability depended. I do not perceive how, upon the principle upon which this case was decided, an endorser could ever take an adequate security, without converting a conditional into an absolute contract for the payment of the money mentioned in the note. Where the fund is deposited by the maker and accepted by the endorser for the purpose of paying the demand, the case may be different.

The judgment should be reversed as to the endorser, and judgment on the special verdict rendered in his favor.

CRIPPEN, J., delivered an opinion to the same effect.

Judgment accordingly.