## LANSING *a.* COLEY.

*Supreme Court, Third District; General Term, September,* 1860.

EVIDENCE.—INTERROGATORIES.—NOTARIAL CERTIFICATE OF PRO
TEST.

An answer to an interrogatory, under a commission, which is not responsive to
the interrogatory, may be objected to by either party on the trial, and must be
excluded.

A notarial certificate of protest and notice is competent evidence, notwithstanding
a denial of notice of protest in a verified answer.   Such verification is not a sub-
stitute for the affidavit required by statute.

Appeal from an order denying a new trial.

The action was brought upon several promissory notes in-
dorsed by the defendant.   The answer, which was verified,
denied notice of dishonor or protest.   A commission was issued
for the examination of a witness, who had been partner with
the plaintiff; and, to an interrogatory of the defendant asking
when the partnership was dissolved, and under what circum-
stances, the witness answered, "there has never been any regu-
lar dissolution-papers drawn up, except when I got into trouble,
and then the plaintiff brought me a paper to sign, so it could
be published that we had dissolved partnership." On the trial,
the plaintiff objected to this answer, and it was excluded.

The plaintiff offered a notarial certificate of protest in evi-
dence, to which the defendant objected, as inadmissible after a
denial of the protest in a verified answer.   It was admitted,
and the plaintiff had judgment in his favor.   The other objec-
tions are immaterial.

The defendant appealed.

*R. A. Parmenter,* for the appellant.—I. There is no sufficient
proof of protest to support an action against an indorser.   The
verified answer puts the protest in issue, in such case a notarial
certificate is not presumptive evidence of the facts contained
therein.   The verification of an answer denying any knowledge

or information of the protest is equivalent to the old affidavit, that notice had not been received, which removed the statutory presumption applicable to a notarial certificate.

II. Where a deposition is taken under a commission, no cross-interrogatories having been proposed, its admissibility is governed by the rules applicable in cases where a witness is personally examined at the trial. That the whole answer, if responsive and pertinent, must be received if either party desire it. The objection that the whole or part of an answer is not responsive, if otherwise relevant can be taken only by the party conducting the examination, and he may waive it. The objection taken by the opposite party that an answer is not responsive, is untenable, unless the proposed evidence be irrelevant or incompetent. The statute seems to contemplate that evidence taken under a commission shall be received, unless incompetent or irrelevant. (2 *Rev. Stat.*, 4 ed., 640, 823.)

III. To a legal mind, the charge as given might be unexceptional, and yet, when addressed to a jury of unprofessional men, work great injustice, in that, it implies the possibility of a doubt with regard to material facts, about which there is no conflict in the evidence.

*J. Romeyn* and *A. B. Olin*, for the respondent. — I. The plaintiff was clearly entitled to recover upon the merits in this action ; and the objections urged by the defendant against his recovery therein on the trial thereof, were wholly untenable. By 3 Rev. Stat., 5 ed., 474, § 35, it is provided that the certificate of a notary of the presentment of any note for payment, and of any protest of such note for non-payment, and of the service of notice thereof on any or all of the parties to such bill or note, shall be presumptive evidence of the facts contained in such certificate ; but this is not to apply when the defendant annexes to his answer an affidavit denying the fact of having received notice of non-acceptance or non-payment. ( *Voorhies' Code*, 1859, 211, *d.*) An answer, however, which denies that the indorser of a note received due notice that payment of it had been demanded and refused, does not make a notary's certificate of the facts inadmissible as evidence, although the answer be verified. To produce that result an affidavit must be annexed to the answer denying the receipt of notice of non-pay-

ment. An answer containing such denial would not satisfy the statute. (4 *Duer*, 128 ; 5 *Ib.*, 207 ; *Ib.*, 379 ; 6 *Ib.*, 437.) Production of note by plaintiff is sufficient evidence of title and right to recover by him thereon. (James *a*. Chalmers, 2 *Seld.*, 209.) A motion for a nonsuit, founded on the objection that the plaintiff had shown no right to recover under the declaration, is entirely too general and indefinite, and cannot be sustained. (St. Mary's Church *a*. Cagger, 6 *Barb.*, 576.)

II. The portions of the deposition of William Lansing objected to by the plaintiff, were properly struck out by the court upon the trial. Every objection to the competency or relevancy of any question put, or of any answer given, by the witness, may be made in the same manner and with like effect as if he were personally examined at the trial. (3 *Rev. Stat.*, 5 ed., 677, § 22.)

III. There was no error committed by the court in receiving or excluding evidence, or in charging or refusing to charge the jury. The power of one party to bind the others ceases upon the dissolution of the partnership. If one partner, after the dissolution of the copartnership, issues notes signed with the name of the partnership, the other partner is not liable. (Lansing *a*. Gaine, 2 *Johns.*, 300.) One partner cannot indorse notes given to the firm before their dissolution, although authorized to settle partnership concerns. (Sanford *a*. Mickles, 4 *Ib.*, 224.) Now the rule is, that not only one partner has no right to bind his copartners after the dissolution, but the partner who is authorized " to adjust the debts of the firm," has no such power. Nor can he make notes by virtue of a power " to settle the partnership concerns." Under this stringent rule we cannot say the jury erred. The evidence of recognition was of the most general and uncertain kind. Besides, the question of credibility of witnesses is one exclusively for the jury. (Lusk *a*. Smith, 8 *Barb.*, 570.) An offer of evidence, not of itself material, should add the proposal to show other connected facts, constituting, in the whole, a relevant series; and how it is, or is intended to be made material, especially when its materiality is not obvious. (2 *Cow. Treat.*, 3 ed., 454, 459.) If the only material question was one of fact, and that was properly submitted to the jury by the judge, no previous mistakes of law, if any, in the charge, can warrant a new trial. (Stoddard *a*. Long Island R. R. Co., 5 *Sandf.*, 180.) A verdict will not be set aside on exceptions, al-

though there was error on the trial, if the error was' such that it could do no legal injury. (Shorter *a.* People, 2 *Comst.*, 193.)

By THE COURT.*—GOULD, P. J.—The only question in this case, which is of general importance, arises upon the defendant's exception to the exclusion of part of an answer to the seventh interrogatory put to William Lansing. The excluded part of the answer is plainly—and the defendant's counsel in his argument concedes it to be—not responsive to the interrogatory : but he · says that the party putting the question is the only one who can object to the answer on that ground. That is to say, a party who knows that he has a willing witness, can shape his interrogatory so as to touch an entirely proper matter; and one about which the opposite party has no desire to propose a cross-interrogatory, and after answering what is asked, the witness can volunteer an entirely distinct piece of evidence, not even hinted at in the question, and the party to be injured by it is not at liberty to object to the evidence so impertinently, and it may well be fraudulently, put in. The claim is too bald to be entertained for a moment. The ruling at the circuit was clearly right.

The defendant's point, that the answer calls for the production of something more than the notary's certificate of protest and notice, has been ruled otherwise ; and is too well settled to require further notice here.

I can see no error in either of the rulings as to the admission or exclusion of evidence ; and the charge seems to me to have been entirely fair, sufficient, and legally correct. The defendant's requests to charge are complicated, and likely to confuse a jury ; while the charge, as given, is comparatively free from the confusion, and really covers all parts of the requests to which the law entitled the defendant.

I should affirm the judgment.

HOGEBOOM, J., concurred.

PECKHAM, J., also concurred, though with some doubt as to

---

* Present, GOULD, P. J., HOGEBOOM and BOOKES JJ.

the point of the effect of a verified answer upon a notarial certificate. He considered this point, however, to be almost settled by previous decisions.

Judgment affirmed.

## COMFORT *a.* FULTON.

*Supreme Court, Third District; General Term, March,* 1861.

FALSE IMPRISONMENT.—EVIDENCE NECESSARY TO WARRANT ARREST.—CRIMINAL LAW.

Severing and taking away by one act, growing crops to an amount less than $25 in value, is not a criminal offence.

A magistrate has no authority to issue a warrant for arrest in a criminal case upon a complaint, the facts of which are stated upon information and belief, if the attendance of the person from whom the information was derived can be procured. Whether he has such authority, when the attendance of such person cannot be procured,—*Query ?*

Where a person has been arrested upon a criminal charge without any competent evidence of his guilt, the magistrate and prosecutor are jointly liable to an action for false imprisonment.

Appeal from a judgment on a verdict.

This was an action brought by Andrew Comfort against Philip F. Fulton and Henry Soules, to recover damages for an alleged false imprisonment.

In October, 1859, Soules, one of the defendants, being then a justice of the peace, issued a criminal warrant for the arrest of the plaintiff, upon the application of the other defendant, Fulton. On this application Fulton presented a written complaint alleging that a quantity of potatoes, worth three dollars, had been stolen from him, and that he had reason to suspect the plaintiff of having stolen them. Being orally examined by the justice, he stated that the reason for his suspicion was, that his own son informed him that he had seen the plaintiff digging potatoes out of his father's ground, and carrying them off. On