## GAWTRY and others *vs.* DOANE.

Where an indorser, though denying notice of protest, in a sworn answer, fails to annex the affidavit required by statute, (3 *R. S. 5th ed.* 474, § 35,) a notarial certificate of protest may be received in evidence, and is presumptive evidence of the facts stated therein.

But the defendant may contradict the presumption arising from the certificate, by showing that it is untrue.

Where the demand of payment is not made by the notary himself, but his · certificate is founded on an entry made by his clerk, the act of the clerk is not to be deemed the act of the notary, but may be proven as the act of an individual, and is subject to the ordinary rules of evidence.

Where the clerk who made the demand and gave notice to the indorsers in the name of the notary, is dead, memoranda made by him and entered in the register of the notary, are admissible in evidence, to prove demand and notice.

If there has been no due presentment of a notice, or notice of dishonor, and the indorser, after the maturity of the note, supposing himself liable to pay the same, takes security from the maker, that will not amount to a waiver of the objection of want of due presentment of notice.

An admission of liability, by an indorser, after maturity, is never held to be sufficient to overcome the want of demand and notice, without proof that, at the time of the admission, the indorser knew that there was such ·defective protest.

In the absence of any such proof, although such an admission is not sufficient to establish the liability of the indorser, it is admissible as evidence in connection with the other proof, to be submitted to the jury, upon the question of notice.

THIS action was brought against the defendant as indorser of a promissory note made by Townsend & Gray, dated March 9, 1857, for $200, payable three months after date, to the order of the defendant, and indorsed by him for the accommodation of the makers. The complaint, after alleging the making and indorsement of the note, demand and notice of non-payment, and that the plaintiffs were the lawful owners and holders of the note, alleged that the defendant, being indorser of said note, did, on or about the 19th day of June, 1857, take judgment by confession against said Charles E. Townsend and Gerald Gray, (the makers of said note) in the Supreme Court, city and county of New York, for $2106.12 costs and disbursements, on account of

his liability as indorser of five certain promissory notes made by said defendants, Townsend & Gray, payable to the order of said Doane, and by him indorsed and transferred to third parties for a good and valuable consideration; that at the time said Doane took said judgment against said Townsend & Gray, the note on which this action is brought had been due and unpaid seven days, and the said Doane had been duly notified and charged as indorser thereof, previous to his taking said judgment against said Townsend & Gray; that the note on which this action is brought, was one of the five notes mentioned in said judgment by confession, and to secure himself as indorser of said note with other notes, said judgment was taken by said Doane against said Townsend & Gray; that said Doane at that time resided in Putnam county, New York state, within two days' communication by mail of the city of New York; that the said five notes amounted, in the aggregate, to $2100; that said Doane retained his said judgment for $2106.12 against said Townsend & Gray, and afterwards, to wit, on or about the 19th day of June, 1857, he issued execution upon said judgment against said Townsend & Gray, and levied upon the property of said defendants, Townsend & Gray, and took sufficient property belonging to said defendants, Townsend & Gray, to indemnify him, said Augustus Doane, the amount of said judgment, $2106.12, and that he retained his levy on said property to secure himself as indorser of said notes in said confession of judgment mentioned; the note on which this action is brought being one of said notes, and afterwards sold said property so levied on by him by virtue of said execution, and took and retained the proceeds of the sale of said property of Townsend & Gray, and applied the same to his own use and benefit. That said defendant, Doane, took proceedings at law in June, 1857, against said Townsend & Gray, and against said Charles E. Townsend individually, and obtained several judgments against said Charles E. Townsend and Gerald Gray, composing the firm of Townsend & Gray, and against said Charles

E. Townsend individually, and issued executions upon said judgments, and by virtue thereof possessed himself of all the property of said firm and the property of said Townsend individually, and sold the same and applied the same to his own use and benefit; and said Doane secured himself, as far as any property of said defendants, Charles E. Townsend and Gerald Gray, composing said firm of Townsend & Gray, and the individual property of said Townsend, might avail to save him, said Doane, harmless, and that said Doane protected himself as fully as any and all property of said defendants, Townsend & Gray, or that of either of them, might avail for the payment of the debts and liabilities of said Townsend & Gray, or the debts and liabilities of either of them, or for payment of any indorsement made by said Doane of any notes made by said Townsend & Gray.

The defendant, by his answer, admitted the making and indorsement of the note, but alleged that notice of demand and non-payment was not given to him; that the note was indorsed by him for the accommodation of said Townsend & Gray, and was never transferred by the defendant to third parties for a good and valuable consideration or otherwise. The defendant further alleged, on information and belief, that the said Townsend & Gray at, or about the time alleged in the complaint, confessed a judgment to this defendant to secure him against his contingent liability upon said note and other notes which had been indorsed by him for the accommodation of said Townsend & Gray, but he denied that at the time of the confession of said judgment, or prior thereto, or at any other time, this defendant had been duly or in any way notified, and charged as indorser of said note; and he denied that any notice had ever, at any time, been given him, of the demand and non-payment of said note, and he denied that he transferred said note to third parties for a good or valuable consideration, or otherwise. He further alleged, on information and belief, that at or about the time alleged in the complaint, an execution was issued upon such judgment,

Gawtry *v.* Doane.

and a levy thereunder made upon the property of said Townsend & Gray, but as to the value of the property so levied on, this defendant had no knowledge or information sufficient to form a belief. And he denied that he retained his levy upon said property to secure him as indorser of said notes in said confession of judgment mentioned, or either of them, or that he retained said levy for any purpose whatever; and he denied that he afterwards sold said property so levied on, or caused the same to be sold; and denied that he in any way took or retained the proceeds of the alleged sale of said property, or in any way applied the same to his own use and benefit. And he denied that he ever received or realized upon said judgment or execution, or in any way whatever, any sum of money whatever, from said Townsend & Gray, or either of them, for any purpose whatever. He alleged that he was restrained by an injunction order of this court from the sale of said property so levied on as aforesaid, issued in an action in this court, brought by certain creditors of said Townsend & Gray against said Townsend & Gray and this defendant, and by virtue of a judgment therein obtained said property was sold by a receiver appointed by this court, and the proceeds thereof applied to the payment of other claims against said Townsend & Gray. He denied that he took any proceedings at law other than that above mentioned in June, 1857, or at any other time, against said Townsend & Gray, and against said Townsend individually, or obtained several or any judgment or judgments against them as a firm, or either of them individually, or issued any execution upon any such alleged judgment or judgments, or by virtue thereof, or otherwise possessed himself of all or any of the property of said firm, or of the property of said Townsend individually, or sold or applied the property of said firm, or of said Townsend individually, to his own use and benefit. And he denied that he secured or saved himself harmless out of any property of said firm, or out of the individual property of either individual member thereof. And denied that he

protected himself out of the property of said Townsend & Gray, or out of the individual property of either of them, for any debts or liabilities of said Townsend & Gray to him, or the debts and liabilities of either of them to him, or for the payment of any indorsement made by the defendant of notes made by said Townsend & Gray, as stated in said complaint. All the other allegations of the complaint were denied.

On the trial, the plaintiffs, after reading the note and indorsement in evidence, offered in evidence the certificate of J. H. Platt, notary public, attached to said note, as presumptive evidence of the presentment of said note for payment. To which evidence counsel for the defendant objected, on the grounds : 1st. That the sworn answer of the defendant Doane, denying the receipt of notice of demand, and non-payment of said note, was an affidavit within the meaning of the statute, and that, therefore, the certificate of said notary was not presumptive evidence of the facts therein contained. 2d. That (if the sworn answer was not an affidavit, within the meaning of the statute,) an affidavit had been made and served upon the plaintiff's attorney, by mail, in January, 1864 ; that issue was joined 14th April, 1863, and the cause was placed upon the calendar in October, 1863, and noticed for trial, by both parties, for January, 1864, before the affidavit was sent, which was not annexed to the answer, and did not refer to it in any way. Which statement being taken as true, the court decided that the defendant Doane had not complied with the statute in respect to annexing the affidavit to the answer, and the certificate was presumptive evidence of facts therein stated, especially as the defendant's answer contained the statement that notice of demand and non-payment of said note was not given to him, and the notary's certificate was, that the note was duly presented for payment, and payment demanded, and not that notice was given to the defendant. The objections were overruled by the court, and the defendant excepted to such decision.

The said certificate was then read in evidence. It was proved that the notary did not present the note himself, but gave it to a clerk of his, James C. Parker, jr. who was deceased at the time of the trial. The plaintiff then gave in evidence, under objections, certain memoranda made by said Parker, and entered in the register of said notary, to prove the presentment of said note. A witness of the plaintiff, John H. Carmers, testified, that on the 13th day of June he sent, by mail, to the defendant, a notice of the non-payment of said note, addressed to him at Brewster's, Putnam county, N. Y. The residence of the defendant was Dykeman's Station, Putnam county, N. Y., and his post office address, at which post office there is a daily mail. Notice of non-payment of all the other notes mentioned in the confession of judgment was received by the defendant at Dykeman's Station. Charles E. Townsend, one of the makers of the note, was inquired of, at the time the note was passed to the plaintiffs, as to the post office address of Doane, and gave them his address, Dykeman Station, Putnam county, N. Y. The witness Charles E. Townsend, one of the makers of said note, testified also that said note was never presented to him for payment, and that he never saw the note after it was passed away till a few weeks before the trial.

The plaintiffs' counsel offered in evidence a certified copy of a judgment record by confession, in the Supreme Court, in the case of Augustus S. Doane against Charles E. Townsend and Gerald Gray, dated June 18, 1857. To which the counsel for defendant Doane objected, as irrelevant and immaterial, and as being no evidence of any demand and notice, and because the statement was one made by Townsend & Gray, and the defendant Doane was not bound by, nor was the same evidence against him. The plaintiffs' counsel stated to the court that, though the confession of judgment was sworn to by Townsend & Gray, he should show, on the trial, that Doane had accepted of this confession, and adopted the

Gawtry *v.* Doane.

statements therein as true, and had issued execution thereon for the full amount of such judgment, and kept his levy for over a year, and had further, in an answer sworn to by him in a suit in this court, wherein Clark and West were plaintiffs, and Townsend, Gray and Doane, defendants, and wherein this judgment was impeached as fraudulent and false, sworn, in August, 1857, that that confession was true in every respect; and the plaintiffs' counsel contended that such confession of judgment, under the circumstances, was evidence that Doane was liable, as indorser of the note for $200 then past due by six days, when he took the confession of judgment. The court, thereupon, determined to receive the same as evidence, and the defendant excepted. The judgment was then read in evidence. The plaintiffs' counsel offered in evidence the judgment roll in the case of Clark & West against Doane, Townsend & Gray, in the Supreme Court, setting aside the said judgment confessed by Townsend & Gray to Doane. To which the defendant Doane objected as irrelevant. The objection was overruled, and the defendant Doane excepted. The said record was then read in evidence.

The testimony being closed, the counsel for the defendant moved to dismiss the complaint on the grounds :

1st. There was no evidence of the presentment and demand of payment of said note, and refusal to pay the same.

2d. That no notice of demand and non-payment of said note was served on or given to the defendant. Which motion was denied, and the defendant excepted.

The jury rendered a verdict for the plaintiffs, for $297.23. A motion for a new trial was denied, and from the order denying a new trial, and from the judgment, the defendant appealed.

*Close & Robertson,* for the appellant.

*J. R. Hill,* for the respondents.

Gawtry v. Doane.

*By the Court,* INGRAHAM, J. The notarial certificate of protest was properly received in evidence. The defendant did not annex to his answer the affidavit required by statute, (*a*) and the notarial certificate became presumptive evidence of the facts stated therein. (*Lansing* v. *Coley,* 13 *Abb. Pr.* 272.) The defendant then was at liberty to contradict the presumption arising from the certificate, by showing that it was untrue. This he attempts to do by proving that the demand of payment was not made by the notary, but that the certificate was founded on an entry made by his clerk. When such a mode is resorted to, for protesting a note, the act of the clerk is not the act of the notary, but may be proven as the act of an individual, and becomes subject to the ordinary rules of evidence, (*Onondaga County Bank* v. *Bates,* 3 *Hill,* 53 ;) where Nelson, Ch. J. denied the authority of the notary to give the certificate on the acts of a clerk, and sustained the rejection of it as evidence.

This renders it necessary that there should be evidence of the acts of the clerk ; and the plaintiff offered the entry of the clerk in evidence, after proof of his death. In *Nichols & Luce* v. *Goldsmith,* (7· *Wend.* 160,) it was held that the memorandum of a deceased cashier who notified indorsers in the name of a notary, was sufficient evidence to charge the indorser. (*Welsh* v. *Barrett,* 15 *Mass. R.* 380. *Halliday* v. *Martinet,* 20 *John.* 172.) This entry of the deceased clerk was properly admitted.

The plaintiff relies, also, upon the acceptance by the defendant, from the maker of the note, of a judgment to secure them for this note and others for which Doane was said to be liable. In the suit of *Clark & West* v. *Doane and others,*

(*a*) By the Revised Statutes, (3 *R. S. 5th ed.* 474, § 35,) it is provided that the certificate of a notary of the presentment of any note for payment, and of any protest of such note for non-payment, and of the service of notice thereof on any or all of the parties to such bill or note, shall be presumptive evidence of the facts contained in such certificate. But this section does not apply to a case where the defendant annexes to his answer an affidavit denying the fact of having received notice of non-acceptance or of non-payment.

brought to set aside such judgment, Doane put in an answer, alleging that he was liable on the note, as indorser, and claiming to maintain his judgment on that ground. The evidence was submitted to the jury to show that Doane was liable as indorser. It has been held that taking security from the maker operates as a waiver of demand and notice, when taken before maturity of the paper. (*Otsego County Bank* v. *Warren*, 18 *Barb.* 290.) Also, that taking an assignment of all the property of the debtor renders demand and notice unnecessary. (*Seacord* v. *Miller,* 13 *N. Y. Rep.* 55.) This point was examined by Bacon, J. in *The Otsego County Bank* v. *Warren, supra,* and he held "If there has been no due presentment, or notice of dishonor, and the indorser, after the maturity of the note, supposing himself liable to pay the same, takes security from the maker, that will not amount to a waiver of the objection of want of due presentment and notice," citing *Bond* v. *Farnham,* (5 *Mass. R.* 170 ;) *Tower* v. *Durell,* 9 *id.* 332 ;) *Richter* v. *Selignan,* (8 *S. & R.* 425 ;) *Story on Prom. Notes,* (§§ 278, 282.) I am inclined to concur in this ruling. An admission of liability, by an indorser, after maturity, is never held to be sufficient to overcome the want of demand and notice, without proof that at the time of the admission the indorser knew that there was such defective protest. In the present case there was no proof of such knowledge. But, although it would not have been sufficient to establish such liability, it was admissible as evidence in connection with the other proof, to be submitted to the jury upon the question of notice.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 5, 1866. *George G. Barnard, Clerk* and *Ingraham,* Justices.]