JOAB L. CLIFT, SURVIVING PARTNER OF THE LATE FIRM OF CHARLES PARDEE & CO., RESPONDENT, *v.* WILLIAM C. RODGER, APPELLANT, IMPLEADED WITH MARGARET A. RHOADES.

*Indorser — when liable, though notice of protest is not given — the facts excusing the giving of notice must be pleaded.*

The holder of a note cannot recover against the indorser who has had no notice of protest, unless he not only gives proof bringing the case within one of the exceptions above mentioned, but also avers in his complaint the facts which would establish such exception.

He cannot allege that notice of protest was given, and then make proof on the trial of the facts which would excuse proof of such notice.

*Semble*, that in order to charge an indorser of a note where notice of presentment and non-payment has not been given to him, it may be shown—

1st. That he has taken a general assignment of the maker's property.

2d. That there has been a waiver of notice of protest, or that the absence of notice did not and could not work injury to the indorser.

APPEAL by the defendant Rodger from a judgment, entered in Onondaga county upon the report of a referee.

The action was brought upon a promissory note made by Margaret A. Rhoades and indorsed by the defendant, William C. Rodger, dated January 27, 1876, for $500, payable two months after date.

The referee has found that "payment of the note was duly demanded, but said note was not paid, and the same was duly protested for non-payment, and notice thereof was mailed to H. C. Rodgers and not to the said William C. Rodger, and the said William C. Rodger did not receive the same."

The referee also found, viz., "That on the same day that the said note was executed, the said Margaret A. Rhoades executed to said William C. Rodger a chattel mortgage on all her property in the sum of $1,350 to secure the said Rodger against any loss or damage which he might sustain in consequence of said indorsement, and also for the indorsement of two other notes, one of $350 and the other for $500, and interest. That the said Margaret Rhoades has made payments to said Rodger to apply on said notes, and there remained unpaid on the same about $450, and interest from January 25, 1879."

As a conclusion he found that the said William C. Rodger having taken a mortgage on all the property of Margaret A. Rhoades, to secure him for indorsing the said note, was not entitled to a notice of protest, and was liable to pay the said note, and that the plaintiff was entitled to judgment for the amount of the note and the interest on the same, amounting to the sum of $639.50, against the defendant William C. Rodger, with costs, and the same was ordered accordingly.

The complaint contained the ordinary allegations in an action against maker and indorser of a promissory note, and among other things alleged that said note was then and there duly protested for non-payment, of all of which the said defendant Rodger had due notice. The plaintiff on the trial offered evidence of certain facts with a view of showing that no notice of protest was necessary, after it appeared that no notice of the dishonor of the note was given to the indorser.

That evidence was objected to and received against the defendant's exception. The referee " expressly decided and ruled that the testimony offered was admissible under the pleadings," and the defendant excepted to such ruling. The referee also found " that

the chattel mortgage given to said defendant (the indorser) by Margaret A. Rhoades was not an adequate security to defendant for the indorsement by him of the promissory notes therein referred to including the note in suit."

*William Porter*, for the appellant.

*Kennedy & Tracy*, for the respondent. .

HARDIN, J.:

Failing, upon the trial, to prove that notice of the dishonor of the note was given to the indorser, the plaintiff sought to recover by showing that no notice was necessary, and that the defendant was liable as indorser by reason of having taken security of the maker; and, secondly, because the chattel mortgage was renewed after the maturity of the note; and, thirdly, because the indorser had accepted part payment upon the note after knowledge of want of protest, and that, therefore, there was a waiver thereof.

When notice of the dishonor is not given to the indorser, " *injury is presumed until* the plaintiff, by *proof* on his side, removes all chance of damage." (*Smith* v. *Miller*, 52 N. Y., 548, opinion of RAPALLO, J.; *Commercial Bank of Albany* v. *Hughes*, 17 Wend., 94; *Spencer & Sharp* v. *Harvey*, Id., 489.)

Therefore, it was incumbent upon the plaintiff to give proof that the defendant, the indorser, sustained no damage nor ran any chance of damage by reason of the failure of the holder of the note to give notice of its dishonor. A complaint against an indorser, which did not aver notice of dishonor, or that notice was dispensed with by the indorser, would be held bad on demurrer thereto, as it would not contain a cause of action.

As a general rule, notice of presentment and non-payment must be given to an indorser as a condition precedent to a recovery against him. The exceptions to this rule are laid down in the cases in this State to be where : (1.) The indorser has taken a general assignment of the maker's property. (2.) Where there has been a waiver of notice of protest, or it clearly appears that the absence of notice did not, and could not work injury or damage to the indorser. (*Spencer* v. *Harvey, supra ; Mechanics' Bank* v. *Griswold*, 7 Wend., 168 ; *Sea-*

cord v. *Miller*, 13 N. Y., 55; *Otsego Co. Bank* v. *Warren*, 18 Barb., 291; *Gawtry* v. *Doane*, 48 id., 156; *Smith* v. *Miller*, *supra;* see, also, *French's Executors* v. *Bank of Columbia*, 4 Cranch, 162.)

The question presented sharply in this case is, can a holder recover when he does not prove notice of dishonor, and seeks to bring himself within one of the exceptions, without averring the fact or facts necessary to constitute the exception? We have seen that without such proof the holder has no cause of action.

The burden of proof of the fact or facts which dispense with notice of dishonor is cast upon the plaintiff. With averment of giving of notice of dishonor he is at liberty to prove it. Without such averment he would not be at liberty to make proof of the notice. In case he is not able to make proof of notice of dishonor, he needs to prove other "fact or facts," and to that end he should aver the fact or facts which form an essential part of his cause of action.

Our system of pleading is regulated by statute, and we, therefore, turn to the Code of Civil Procedure to learn the office of the complaint. We find section 481 declares what the "complaint must contain," viz., a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." The late revision changed the word "shall" to "must," as we suppose for the purpose of making the language more imperative. (See Throop's note to § 481, Code of Civil Procedure and § 142 of Code of Procedure.) If the "fact or facts," as we have seen, constituting a part of the plaintiff's cause of action, had been averred in the complaint, the defendant would have had an opportunity to admit or deny and answer thereto, and thus joined an issue, if he elected in respect thereto, preparatory to the trial.

The proof we have seen was essentially a part of the plaintiff's case, and without such "proof he could not recover," and without an averment of the "fact or facts" *constituting* his cause of action he ought not to be allowed to make the needed proof.

In a similar case the Superior Court, all the judges concurring with DURR, J., in *Garvey* v. *Fowler* (4 Sandf., 667), held that as the plaintiff would be bound to prove such "fact or facts," he must aver them in his pleading. We are referred by the learned counsel for the respondent to *Tebbetts* v. *Dowd* (23 Wendell, 379), in which

COWEN, J., refers to the rule contended for by the respondent, and says there is a conflict in the authorities, and that the balance *seems* to be that where there is a waiver you may aver notice, and then prove a promise or other equivalent act of waiver.

In that same case BRONSON, J., says, at page 412, the question of *waiver* does not arise. The case does not seem to pass authoritatively upon the question here presented. Besides, it arose before the Codes, and the observations made there do not answer the views expressed above.

In *Crandall* v. *Clark* (7 Barbour, 171), GRIDLEY, J., says: "To allow a party who had averred the actual performance of a *condition precedent to show* an excuse for its non-performance, would be contrary to the first principles of pleading. The object of pleading is to inform the adverse party of the facts relied upon by the pleader, to enable such adverse party to meet them by opposing proof. The better opinion, therefore, is notwithstanding *some* cases that seem to look the other way, that as a general rule *an averment* of performance *will* not be sustained by evidence of a legal excuse for non-performance."

This case and the doctrine thereof are approved by ALLEN, J., in *Oakley* v. *Morton* (11 N. Y., 33), and many other cases cited there to sustain it. (See also *Shultz* v. *Depuy*, 3 Abb. Pr., 252 ; *Hill* v. *Varmet*, 3 Green, 253.)

The principle is also reasserted by the Court of Appeals in *Tooker* v. *Arnoux* (76 N. Y., 397), where a complaint was held not to contain a cause of action, which omitted to state facts which were conditions precedent to the defendant's liability upon his acceptance.

No amendment was allowed in that case, but the judgment was reversed without any attempt to conform the pleadings to the facts proven. The referee erred in receiving evidence to establish essential facts constituting a part of the plaintiff's supposed cause of action, which were not averred in the complaint.

We ought to reverse. Judgment reversed and a new trial ordered before another referee, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

So ordered.