## City Court.

### *General Term—March*, 1886.

## PATRICK QUINLAN, PLAINTIFF AND APPELLANT, *against* ST. FRANCIS XAVIER MUTUAL BENEFIT SOCIETY, DEFENDANT AND RESPONDENT.

An agreement by a member of a benevolent society to refer all differences to arbitration, will not oust the courts of their jurisdiction.

Appeal from judgment entered on dismissal of complaint.

*F. Solinger*, for appellant.

*Jeroloman & Arrowsmith*, for respondent.

BY THE COURT.—McADAM, Ch. J., HYATT and BROWNE, JJ.—The complaint was dismissed on the sole ground that by the 11th section of the defendant's by-laws the plaintiff was bound to submit the question of the defendant's liability to the "Reverend Director," for his decision ; and by that law he is made the sole and only judge of that question.

The provision in question is a very proper one, particularly in a society attached to a church; and if the plaintiff had submitted to the jurisdiction of the Rever-

Quinlan *v.* St. Francis Xavier Mutual Ben. Soc.

end Director, his decision would have been conclusive. But the plaintiff did not appear before the Reverend Director, and appealed to this court for redress. The court of appeals have laid down the rule that, " An agreement to refer all matters of difference or dispute that may arise to arbitration, will not oust the courts of their jurisdiction" (Pres't, &c. of Delaware & Hudson Canal Co. *v.* Pennsylvania Coal Co., 50 *N. Y.* 258).

We are bound to follow this instruction from the highest court in the State, and, under this decision, must reverse the judgment, and order a new trial (See, also, cases of Heath *v.* New York Gold Exchange, 38 *How. Pr.* 170 ; Scott *v.* Avery, 5 *H. of L. Cases,* 846).

## A party not willing to Arbitrate, cannot be deprived of his legal Remedy.

Remedies are to be according to the course of the common law, and retroactive legislation requiring a cause of action to be submitted to a tribunal not proceeding according to the course of the common law, is unconstitutional (*In re* Townsend, 39 *N. Y.* 171). A stipulation in a written contract for building, that, in case any question arises under such contract in relation to the work, both as to value of work added or deducted, the same shall be adjusted by the architect, is not binding—being against the policy of the common law, and having a tendency to exclude the jurisdiction of the courts provided with ample means to entertain and decide legal controversies (Hurst *v.* Litchfield, 39 *N. Y.* 377 ; but see cases cited below).

## Condition that Work shall be satisfactory to Architect, or third person.

Where a party contracts to do work, and that the whole shall be completed to the satisfaction of a third party, in an action to recover the stipulated price, he must aver and prove the work was done to the entire satisfaction of such third person (Barton *v.* Hermánn, 11 *Abb. Pr. N. S.* 378 ; Butler *v.* Tucker, 24 *Wend.* 447 ; Morgan *v.* Birnie, 9 *Bing.* 672 ; Milner *v.* Field, 5 *Exch.* 829 ; Clark *v.* Watson, 18 *C. B. N. S.* 278 ; Smith *v.* Briggs, 3 *Den.* 73 ; Martin *v.* Leggett, 4 *E. D. Smith,* 255 ; Smith *v.* Brady, 17 *N. Y.* 173 ; Stewart *v.* Keteltas, 36 *Id.* 388 ; Wyckoff *v.* Meyers, 44 *Id.* 145 ; Schencke *v.* Rowell,

3 *Abb. N. C.* 42 ; Oakley *v.* Morton, 11 *N. Y.* 33 ; Wangler *v.* Swift, 90 *Id.* 38).

### What excuses Certificate.

Fraud or collusion with the architect, or some legal excuse, will excuse the production of the certificate of the architect or third person (Battersbury *v.* Vyse. 2 *Hurls. & C.* 42; Martin *v.* Leggett, 4 *E. D. Smith*, 255 ; Thomas *v.* Fleury, 26 *N. Y.* 26 ; Barton *v.* Hermann, 11 *Abb. Pr. N. S.* 378 ; Schencke *v.* Rowell, 3 *Abb. N. Cas.* 47). So, also, where he, unconscientiously and in bad faith, withholds it (Thomas *v.* Fleury, 26 *N. Y.* 26 ; Bowery Nat. Bank *v.* Mayor, 63 *Id.* 336 ; Jones *v.* Judd, 4 *Id.* 411. See, also, 6 *Moak's Eng. R.* 528, 871 ; and 2 *Hurls. & C.* 42).

### What Agreements to submit are legal.

An agreement that before any right of action accrues, " certain facts shall be determined, or the amounts or values ascertained," is valid, and no cause of action arises until the award is made (President, &c. *v.* Penn. Coal Co., 50 *N. Y.* 250 ; Gay *v.* Lathrop, 6 *St. Rep.* 603) ; but an agreement to refer, which ousts the courts of their ordinary jurisdiction, is void (*Ib.*).

### Satisfactory.

When work is to be done to the satisfaction of another, the question is, not whether he ought to be satisfied, but was he satisfied ? (Gray *v.* New York Central R. R. Co., 11 *Hun*, 70 ; Tyler *v.* Ames, 6 *Lans.* 280 ; Spring *v.* Ansonia Clock Co., 24 *Hun*, 175 ; McCarren *v.* McNulty, 7 *Gray*, 139 ; Brown *v.* Foster, 113 *Mass.* 136 ; Smith *v.* Wright, 4 *Hun*, 652 ; Aiken *v.* Hyde, 99 *Mass.* 183 ; Goodrich *v.* Norwich, 43 *Ill.* 356 ; Hunt *v.* Wyman, 100 *Mass.* 198 ; Heron *v.* Davis, 3 *Bosw.* 336). This rule still exists in reference to portraits and works of taste, and as to theatrical plays (Glenny *v.* Lacy, 16 *St. Rep.* 798); but has ben otherwise modified by holding that under such a contract, " that which the law will say a contracting party ought in reason to be satisfied with, that it will say he is satisfied with " (Duplex Safety Boiler Co. *v.* Garden, 101 *N. Y.* 387).